WILLIAM A. WILCOX & others *vs.* CHARLES S. FORBES
& others.

Worcester.   December 14, 1898. — March 3, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Photograph — Evidence admitted made harmless by Instructions to Jury.*

Whether a photograph is instructive to the jury is a preliminary question, to be decided by the presiding justice before he admits it as evidence in the cause.

At the trial of a bill in equity brought by the heirs of a decedent, alleged to have been an insane person, for the cancellation of certain agreements entered into by him, evidence admitted subject to exception by the plaintiffs that the administrator of the estate of the deceased had made no objection to the validity of the transactions is made harmless by rulings that the rights of the plaintiffs were not affected by the administrator's conduct.

BILL IN EQUITY, brought by the heirs of Alfred W. Wilcox, deceased, alleged to have been an insane person, for the cancellation of certain agreements and deeds of which he was the grantor, and of certain mortgages given by the defendants. At the trial in the Superior Court, without a jury, before *Dewey,* J., it appeared that the instruments sought to be cancelled were entered into on or about July 24 and 28, 1896, Wilcox being then in his seventieth year.

Wilcox died about four months thereafter, and the bill was brought in May, 1897. The plaintiffs offered evidence tending to show that, at the time of entering into the contracts, Wilcox was physically feeble and infirm and mentally incapacitated, and in connection with such evidence offered certain photographs of him taken before and at about the time of his alleged incapacity, to establish the fact of his feebleness, and that he had greatly changed for the worse in appearance. Evidence was offered tending to show that Wilcox had been suffering at the time previous thereto from senile dementia, and the photographs were taken during the time he was shown to be so suffering. There was also evidence offered by the defendants tending to show that the grantor was of sound mind at the time of the transactions. The plaintiffs asked the judge to rule that, in connection with the evidence which had been offered, the photo-

graphs were admissible for the purposes stated. The judge declined so to rule, and the plaintiffs excepted. In the examination of the principal defendant, Forbes, it was sought to introduce the fact of an interview between him and one Douglass, the administrator of the estate of Wilcox, and the following question was asked: " *Q.* Now I will put the inquiry whether you had ever learned or heard from the administrator of any protest or question concerning the validity of this transaction?" The objection of the plaintiffs was overruled ; and they excepted. The answer was, "Nothing concerning the validity of this transaction."

The plaintiffs asked the judge to rule as follows: "No acts or words of the administrator, unless authorized by the plaintiffs, can affect their rights to maintain this bill. There is no evidence that the plaintiffs authorized the administrator to make any statement, or do any act to bind them in respect to this real estate." These rulings were given.

The judge made the following memoranda of his findings:

"I am not satisfied that said Alfred W. Wilcox, deceased, was, at the time he entered into the transactions with Forbes and Cummins complained of in the bill, an insane person incapacitated by insanity and disease from doing business and transacting such affairs as are described in the bill.

"I find that no fraud, misrepresentation, or undue influence was practised inducing him to enter into said transactions.

"I am satisfied that said transactions were with reference to the interests of said Alfred W. Wilcox injurious and for an inadequate consideration."

A decree was entered dismissing the bill; and the plaintiffs alleged exceptions.

*E. F. Thompson*, for the plaintiffs.

*H. Parker*, for the defendants.

HOLMES, J. This is a bill to have certain instruments cancelled, on the ground that the maker of them, since deceased, was of unsound mind. At the hearing the plaintiffs put in evidence that the deceased was suffering from senile dementia, and offered some photographs of him in corroboration, which he asked the judge to rule to be admissible for that purpose. The judge declined, and the plaintiff excepted. The question whether

the photographs were instructive was a preliminary question, to be decided by the judge before he admitted them as evidence in the cause. *Carey* v. *Hubbardston*, 172 Mass. 106. *Harris* v. *Quincy*, 171 Mass. 472. If, as for all that appears was the case, the judge found them uninstructive, he was right in refusing to rule as requested. It would seem that he must have inspected them, and, as he was sitting without a jury, his refusal to rule probably meant little more than a finding that they did not help him in coming to his conclusion.

Evidence was admitted, subject to exception by the plaintiffs, that the administrator of the estate of the deceased had made no objection to the validity of the transaction. The admission was made harmless by rulings that the rights of the plaintiffs were not affected by the administrator's conduct. Furthermore, the administrator would seem to have been the holder of security given by the defendants, and concerned in the question whether the transaction should be rescinded. See further *Bullard* v. *Moor*, 158 Mass. 418, 424, 425.

*Exceptions overruled.*