COMMONWEALTH *vs.* WILLIE GIVENS, JR. December 11, 1974. The defendant was tried to a jury under G. L. c. 278, §§ 33A-33H, and

convicted upon an indictment charging him with unlawful distribution of a controlled substance (heroin). There was evidence that the defendant sold a "half spoon" to a State police officer in the role of an undercover agent. The latter's testimony made no mention of a faint mustache shown in two photographs of the defendant taken by the police at the time of his arrest a week after the alleged sale. The defendant assigns as error the exclusion of the photographs which were offered by the defendant for the purpose of impeaching the credibility of the officer who had described the person he identified as the defendant as "Colored male; six, four (6'4"); heavy build; straggly goatee." The officer's description contained no reference to the defendant's having or not having a mustache at the time of the sale. Questioned with respect to whether the defendant had a mustache at the time of the arrest, the officer replied that he could not recall. There was no error. The photographs could not have accomplished the purpose for which they were offered since the officer at no time testified whether the defendant did or did not have a mustache. Their exclusion was within the discretion of the judge. *Wilcox* v. *Forbes,* 173 Mass. 63, 64-65 (1899). *Commonwealth* v. *Bjorkman,* 364 Mass. 297, 302-303 (1973). Assuming that there were error in the exclusion of the photographs, it would have been harmless in view of the substantial evidence of the defendant's guilt including the otherwise accurate description of the defendant given by the officer, and the defendant's ample opportunity to cross-examine him. *Commonwealth* v. *Sherman,* 294 Mass. 379, 389 (1936). *Commonwealth* v. *Wilson,* 357 Mass. 49, 59-60 (1970), cert. den. 400 U. S. 823 (1970). See *Commonwealth* v. *Min Sing,* 202 Mass. 121, 130 (1909); *Commonwealth* v. *Smith,* 342 Mass. 180, 187-188 (1961). Nor was there error in the refusal of the judge to instruct the jury as requested by the defendant in regard to the officer's identification testimony. The charge on that point was adequate and the judge was not required to instruct in language requested by the defendant. *Commonwealth* v. *Nassar,* 354 Mass. 249, 264-265 (1968), cert. den. 393 U. S. 1039 (1969). *Commonwealth* v. *Martin,* 357 Mass. 190, 193-194 (1970). The defendant's requested instructions in effect called upon the judge to comment on the weight to be given to the identification testimony. His instructions properly left the weight of the testimony to the jury. *Commonwealth* v. *Geraway,* 355 Mass. 433, 440 (1969), cert. den. 396 U. S. 911 (1969). *Lamoureux* v. *Commonwealth,* 362 Mass. 880 (1972).

*Judgment affirmed.*

*Conrad W. Fisher* for the defendant.

*John D. Keeton, Jr.,* Assistant District Attorney, for the Commonwealth.