337 So.2d 451 (1976)
STATE of Louisiana
v.
Gregory SOCKWELL.
No. 57658.
Supreme Court of Louisiana.
September 13, 1976.
*452 Tilden H. Greenbaum, III, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Gregory Sockwell was charged with the armed robbery of "Adrien Logdan". La.R.S. 14:64. He was tried, convicted, decreed to be a multiple offender, La.R.S. 15:529.1, and sentenced to serve 150 years. On this appeal six assignments of error are relied upon for reversal of his conviction.

Assignment of Error 1
After the trial began, and just prior to his opening statement, the State's attorney handed defense counsel a document entitled "768 Notice" informing the defendant, pursuant to Article 768 of the Code of Criminal Procedure, that the State intended to introduce every confession and statement of the defendant, whether oral, recorded or written, and whether inculpatory, or exculpatory, particularly "statements made orally to Officers Jim Hall, Mel Garret, and K. Maes on August 4, 1975."
When the "768 Notice" was handed to him, defense counsel, while not objecting to the content of the notice, asserted that the timing of the service was objectionable. He argued that receiving the notice just prior to the opening statement did not give him sufficient time to "meet the issue."
Article 768 of the Code of Criminal Procedure provides:
"If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence."
The notice was served on the defendant "prior to the beginning of the state's opening statement" in full compliance with Article 768. Although defense counsel claimed that he did not have sufficient time to *453 prepare a defense to the inculpatory statements, which were later introduced at the trial, and that the notice should have been served earlier, no facts in the record support the claim that he was unable to properly defend, and no authority is cited which supports the contention that the notice should have been served earlier. State v. Morris, 259 La. 1001, 254 So.2d 444 (1971); State v. Rodgers, 251 La. 953, 207 So.2d 755 (1968).
There is no merit to this assignment.

Assignment of Error 2
During the early morning hours of August 4, 1975 Adrien Logan was robbed of $29.00 at gunpoint. He knew his assailant and immediately reported the incident to the police by telephone. As a result, a description of Sockwell and the fact that he was wanted was broadcast over police radio. Officer Kenny Maes had been stationed in the neighborhood for several years and knew Sockwell. Shortly after the notice was broadcast, he recognized Sockwell walking alone in the 7600 block of Maple Street; and, in company with Officer Irwin Breaux, Officer Maes arrested him. Sockwell was first read his Miranda rights by the arresting officers, but refused to sign the rights of arrestee form and refused to speak; therefore, he was not interrogated. The arresting officers reported over police radio that Sockwell had been arrested, and they drove to the corner of Carrollton and Oak with Sockwell in the police car.
Shortly thereafter Officers Mel Garrett and Jim Hall drove up in a second police car with Adrien Logan, the victim of the armed robbery. Logan went over to the police car where Sockwell was sitting, looked in, saw Sockwell and declared, "That's the man who held me up."
Sockwell retorted, "Why don't you tell them that you owed me money. You owed me $20.00," or words to that effect.
Logan then asked Sockwell, "Where's my wallet?"; and Officer Garrett echoed "Where's his wallet?"
Sockwell replied, "I threw it away."
Defense counsel contends that because Officer Garrett did not repeat the Miranda warning to Sockwell before asking him about Logan's wallet, and because Sockwell had previously refused to sign the rights of arrestee form, Sockwell's inculpatory statement was not free and voluntary and, for that reason, it was improperly admitted into evidence.
Miranda warnings are not required to be in writing and signed by the person in custody; it is sufficient that he be verbally advised of those rights. When the person in custody is so advised and declares that he wishes to remain silent, he may, nevertheless, change his mind. His declaration that he intends to remain silent is revocable. The failure to sign a rights of arrestee form does not bar a subsequent voluntary statement. See State v. Knight, 323 So.2d 765 (La.1975); State v. Lewis, 315 So.2d 626 (La.1975); State v. Higginbotham, 261 La. 983, 261 So.2d 638 (1972). Moreover, the Miranda decision does not apply to volunteered statements, and certainly not to a spontaneous reply to a question by the victim of the crime. While Officer Garrett repeated Logan's question, the question was Logan's. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); State v. Hall, 257 La. 253, 242 So.2d 239 (1970).

Assignment of Error 3
While Officer Hall was being questioned by the prosecuting attorney he was asked where he had come in contact with Adrien Logan on the morning of the robbery, to which Officer Hall replied without defense objection:
"We came in contact with him when we received a call at approximately 1:15 that morning that an armed robbery had taken place. The victim of the armed robbery we were to meet at Hickory and Eagle Street. When we arrived on the scene approximately five minutes later, we met Mr. Logdan for the first time."
The prosecuting attorney then asked, "O.K. Now, what did you learn from Adrien Logdan?" Defense counsel objected *454 that whatever Officer Hall learned from Logan would be inadmissible hearsay according to Section 434 of Title 15 of the Revised Statutes. The objection was overruled, and that ruling is the basis of this assignment of error. Hall then testified that Logan recounted the details of his being robbed by Sockwell. Later, Logan took the stand and testified to the same effect, again giving the details of the robbery.
The State's attorney argued that the question propounded to Hall was designed not to establish the truth of Logan's statements, but rather to bring out the fact that the statements were made. Relying on these statements, Hall and Garrett proceeded with Logan to Oak and Carrollton to ascertain whether Logan could identify Sockwell as his assailant. Also, Hall's testimony was merely cumulative. Under either theory, the State argues, the statements were an exception to the hearsay rule. The State relies upon State v. Monk, 315 So.2d 727 (La. 1975) and State v. Smith, 285 So.2d 240 (La.1973), to support the contention.
While the State's contention is arguably sound, we prefer to rest the decision on this question upon the proposition that an examination of the entire record makes clear that the ruling has not resulted in a miscarriage of justice, prejudicial to the substantial rights of the accused; nor does it constitute a substantial violation of a constitutional or statutory right. La.Code Crim.Pro. art. 921. The error, if any, was harmless.

Assignment of Error 4
It is asserted that error occurred when Officer Hall, over objection by defense counsel, was permitted to testify that subsequent to the arrest, when Sockwell was asked by Logan where the wallet was, he "told us he had thrown the wallet on the ground." The defense asserts no predicate had been laid for this statement because "the testimony as to what Sockwell said does not correspond to the testimony given on the predicate when the jury was outside the courtroom."
There is no merit to this contention. Hall's testimony on the predicate outside the presence of the jury was that, in referring to the wallet, Sockwell said, "I just threw it away. I didn't want that," or "I threw it away," or similar declarations. The later version, in the presence of the jury, "I threw it on the ground" was, therefore, covered by the predicate. Although slight variations in the crucial inculpatory statement existed between the testimony establishing the predicate and the testimony before the jury, these slight discrepancies were due to the understandable imperfection of man's ability to recollect exact words uttered in his presence and to the witness' inability to perfectly articulate. The variations were not significant. The meaning was the same, and no prejudicial error occurred.

Assignment of Error 5
After presenting its evidence in chief, the State rested, reserving the right of rebuttal. Defense counsel then moved that the jury be retired in order that he could present a motion. The jury was removed and counsel moved for a directed verdict based on the fact that all evidence taken was that one "Adrien Logan" was the victim of the offense, when the bill of information charged that Sockwell robbed "Adrien Logdan".
The "d" included in Adrien Logan's name in the bill of information is an obvious typographical error. It is an insubstantial difference which had absolutely no effect upon the defense. The evidence makes clear that defendant had no doubt concerning the identity of the victim, for in his inculpatory statement he impliedly admitted that Adrien Logan was the person from whom the money was taken, his defense being that Logan owed him $20.00.

Assignment of Error 6
Following his conviction for armed robbery, Sockwell was charged as a multiple offender. La.R.S. 15:529.1. A motion to quash this multiple offender bill was filed *455 by the defense alleging that the law permitting enhanced penalties was unconstitutional in that it gave the district attorney the capricious, whimsical, arbitrary, and, potentially the malicious power to persecute the defendant. Alternatively, the motion to quash alleged that if the enhanced penalty statute was held to be constitutional, in the instant case the district attorney waived his right to file a multiple bill when he knowingly allowed the defendant to be sentenced before the bill was filed. This motion to quash was submitted "on its face" and denied. Defense counsel objected to the ruling and assigned error.
In brief on this appeal, however, defense counsel only invokes Article I, Section 20, of the Louisiana Constitution of 1974, which ordains that no law shall subject any person to euthanasia, torture, or to cruel, excessive, or unusual punishment. The argument is made that the multiple offender act has existed since 1855, and the penalty for armed robbery was increased from thirty to ninety-nine years by the Legislature in 1967. This latter action by the Legislature provides an adequate penalty, according to the defendant's argument, and any enhanced sentence exceeding ninety-nine years, such as Sockwell's sentence to 150 years, constitutes cruel and excessive punishment.
In our view the issue presented in brief is not properly before this Court, for it is not the issue presented by the motion to quash; and, therefore, it is not the issue upon which the ruling of the trial judge is based. State v. Powell, 325 So.2d 791 (La. 1976). Since the issue presented by the motion to quash is abandoned in brief, it need not be decided.
Nevertheless, the claim that the enhanced penalty is cruel and unusual punishment has no merit. Recidivist statutes have been upheld on many occasions against the attack that they involve cruel and unusual punishment. Price v. Allgood, 369 F.2d 376 (5th Cir. 1966), cert. denied, 386 U.S. 998, 87 S.Ct. 1321, 18 L.Ed.2d 349; State v. Williams, 326 So.2d 815 (La.1976); State v. Vale, 252 La. 1056, 215 So.2d 811, reversed on other grounds, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1968).
For the reasons assigned, the conviction and sentence are affirmed.