Joseph MARINO, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 78–2789

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1979.

Rehearing Denied Sept. 7, 1979.

George D. Gold, Miami, Fla., for petitioner-appellant.

Joel C. Fanning, Linda Collins Hertz, Asst. U. S. Attys., Miami, Fla., for respondent-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

The factual setting is unusual. The principles applicable are well settled. The issue is whether retained counsel was ineffective because he called defendant to the witness stand and, after a few perfunctory questions, tendered the defendant for cross-examination. To the surprise of counsel, the prosecuting attorney chose to stay out of the mousetrap and asked no questions. We conclude that failure of the trial lawyer's tactic does not show that he was constitutionally ineffective and deny the application for post-conviction relief.

Joseph Marino was convicted by a jury of conspiring to import marijuana, 21 U.S.C. §§ 952(a) and 963. In an appeal he was represented by different counsel, also retained, and we affirmed in *United States v. Marino*, 5 Cir. 1977, 562 F.2d 941, *cert. denied*, 1978, 435 U.S. 996, 98 S.Ct. 1647, 56 L.Ed.2d 84.

Then the new counsel decided to test the first. In a § 2255 motion, Marino, through counsel, alleged that, prior to trial, he and the trial lawyer decided that the evidence against him would result in his conviction if unrebutted and his only defense was to "give his version" of the facts; therefore he and his lawyer agreed that he would testify.

At the trial, as anticipated, the government produced a crew-member of the boat used to transport the marijuana. He testified about a scheme to import marijuana and Marino's involvement in it. A DEA agent testified, but gave no evidence linking appellant to the scheme. The government then rested without calling any other witnesses. Defense counsel called appellant, and asked only a few questions— name, residence, education, whether he had any prior convictions. Counsel then passed the witness. The government asked no questions. The defense rested. After the jury retired to deliberate, the trial judge commented that he had never experienced such a situation. However, no request to reopen the direct examination was ever made nor was there any proffer of what Marino would have testified.

Marino now contends that trial counsel was ineffective and that he complained to the lawyer that he had not had an opportunity to give his version of the facts. He has produced the trial lawyer's affidavit stating that the lawyer had intended to have appellant give his version of the facts, but, while questioning him, decided to stop and let the government cross-examine. The attorney stated that he was "shocked" when the government did not react as he had expected. This shock, we are presumably asked to conclude, prevented him from rectifying his error.

The district court held an evidentiary hearing. The lawyer who represented Marino at his first trial testified that Marino had told him that he would testify at the trial that he was in Jamaica only to acquire marijuana for his personal use. Marino offered no other evidence concerning what his testimony would have been. The district court denied relief, finding that Marino was not denied his right to testify and that his failure to tell his story was "a result of a trial strategy that did not work to [appellant's] advantage." Moreover, Marino's failure to supply the court at the time of the trial with the information allegedly omitted, coupled with the failure of his trial counsel and his different (and retained) appellate counsel to urge the issue when the appeal came to this court "strongly suggests a ploy." We are unable to find the trial court clearly, or otherwise, in error. *Compare Wright v. Estelle*, 5 Cir. 1977, 549 F.2d 971, *aff'd en banc*, 1978, 572 F.2d 1071, *cert. denied*, 439 U.S. 1004, 99 S.Ct. 617, 58 L.Ed.2d 680.

In *Wright, supra*, the defendant wanted to testify but was told by his lawyer that, if he insisted on testifying, the lawyer would not represent him. Counsel believed that the jury would have concluded that appellant was lying and would have assessed the death penalty. A panel of this court held, "Even if petitioner was deprived of such a personal constitutional right (assuming *arguendo* to testify in one's own behalf is a

fundamental right) we are convinced . . . it was harmless error beyond a reasonable doubt. . . . because . . . petitioner's testimony would not have altered the verdict. The evidence . . . was overwhelming." 549 F.2d at 974 (citation omitted).

Following a rehearing en banc, the court affirmed. 572 F.2d 1071. Five judges of this court concurred in the result but would have affirmed on the ground that the decision whether to testify is allocated to the defendant's counsel, not to the defendant. *Id.* at 1073. Three judges dissented, arguing that the right to testify is a personal constitutional right that may not be waived by counsel. *Id.* at 1077–80. The dissent also urged that the harmless error rule is inapplicable in such a case. *Id.* at 1080–82.

*Wright* is of course distinguishable from this case in several respects. First, the evidence against Wright was overwhelming. The evidence here was essentially that of one witness. Next, Wright and his attorney were in conflict over whether he should testify, even to the point that counsel threatened to leave the case. Here, counsel and defendant agreed that defendant's testimony was vital to his defense. In *Wright*, counsel had a well thought out reason for not permitting the defendant to testify. In this case, counsel's spur-of-the-moment decision prevented appellant from presenting his story. Finally, in *Wright*, counsel's actions were not unusual. Here, counsel's tactics were so unorthodox as to draw comment from the bench.

 However, a defendant represented by retained counsel who urges ineffectiveness of counsel bears the burden of establishing that charge, by a preponderance of the evidence. *See, e.g., Barnes v. United States*, 5 Cir. 1978, 579 F.2d 364, 366; *Coon v. United States*, 5 Cir. 1971, 441 F.2d 279, 280, *cert. denied*, 404 U.S. 860, 92 S.Ct. 160, 30 L.Ed.2d 103. Generally, relief from a final conviction on the ground of retained counsel's incompetence or ineffectiveness will be granted only where it is shown that counsel was not reasonably likely to render or did not render reasonably effective assistance, *see, e.g., Friedman v. United States*, 5 Cir. 1979, 588 F.2d 1010, 1015; *Jerkins v. United States*, 5 Cir. 1976, 530 F.2d 1203, 1204 n.1. If counsel's conduct was not so grossly deficient as to render the proceeding fundamentally unfair, it must also be shown that a responsible state official should have been aware of the deficiency and could have taken remedial action, *Fitzgerald v. Estelle*, 5 Cir. en banc 1974, 505 F.2d 1334, 1337, *cert. denied*, 1975, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675. Although *Fitzgerald* was a habeas corpus challenge to a state conviction, we have applied previously the same standard in the context of a § 2255 challenge to a federal conviction. *E.g., United States v. Guerra*, 5 Cir. 1979, 588 F.2d 519, 521.

 Marino actually took the stand. Other than his lawyer's account of what he thought Marino would say there was no evidence given at the trial or at the § 2255 hearing of what he would have said. Marino at no time suggested to the trial court, or through new counsel to the appellate court, that his lawyer had failed to represent him effectively although the full account of the episode, save for the trial lawyer's affidavit, was on the record. This is not to say that this proceeding is barred by the prior appeal, but simply that the trial court in the § 2255 proceeding had ample basis to conclude that this was a lawyer's feint that failed. For these reasons the judgment is AFFIRMED.