Robert J. JONES, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director of Division for Corrections of the State of Florida, et al., Respondents-Appellees.

No. 79–1908
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

James D. Whittemore, Asst. Federal Public Defender, Robert W. Knight, Tampa, Fla., for petitioner-appellant.

William I. Munsey, Jr., Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

Before BROWN, Chief Judge, KRAVITCH and JOHNSON, Circuit Judges.

PER CURIAM:

Petitioner appeals the denial of his writ of habeas corpus on the grounds that his guilty plea was coerced and his attorney at a subsequent probation revocation hearing was ineffective. We affirm the District Court on both bases.

### En Route To The Writ

In 1970, petitioner Robert J. Jones was charged with second degree murder. Jones pleaded guilty to manslaughter pursuant to plea negotiations between his court appointed attorney and the state's attorney and was placed on probation for ten years. In 1971, Jones was convicted of breaking and entering a residence. In 1972, Jones was convicted of breaking and entering an automobile. Jones served two eighteen month sentences for those offenses and his probationary period was extended by two years.

In 1974, Jones was arrested, charged and, after entry of a guilty plea, convicted of violating the conditions of his probation. The charges stemmed from Jones's change of residence without permission and arrest for public drunkenness. At his probation revocation hearing, Jones was represented by appointed counsel. Probation was revoked and Jones was sentenced to twenty years imprisonment. Jones unsuccessfully appealed the revocation of probation, *Jones v. State*, 315 So.2d 260 (Fla.App.), *cert. denied*, 320 So.2d 393 (Fla.1975). His writ of habeas corpus was denied by the Florida Second District Court of Appeal, as was his writ of certiorari to the Florida Supreme Court. His motion to vacate, set aside or correct his sentence was also denied and the denial affirmed. *Jones v. State*, 351 So.2d 415 (Fla.App.1977).

After exhausting those state remedies, Jones turned to federal District Court to file his habeas petition which, after an evidentiary hearing, was denied once again. Jones now appeals to this Court, reasserting two claims rejected below.

### Coercion And Counsel

Jones alleges that his attorney in the manslaughter proceeding used "subtle persuasions" to extract an involuntary guilty plea from Jones. Jones claims his plea was coerced through the impression of hopelessness created by his attorney magnified by Jones's own lack of education and experience.

Undoubtedly, a guilty plea not affirmatively demonstrated in the record or involuntary under the circumstances may not be upheld. *Boykin v. Alabama,* 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. However, if an attorney determines, in his professional judgment, that a guilty plea is in his client's best interest, the plea will not be set aside on the ground that such advice amounted to coercion by the attorney. *See Anderson v. Henderson,* 5 Cir., 1971, 439 F.2d 711, 712.

Here, Jones's attorney told Jones that the case "didn't look too good," that Jones's confession would be admissible and that Jones's codefendants would probably testify against him. Jones testified that he was "under pressure" to plead guilty and get out of jail but he could identify no pressure other than concern for his wife and children on welfare. Rather, Jones testified that no one forced him to enter his plea. Moreover, Jones admitted that his attorney told him the choice of a plea was Jones's and merely advised Jones to agree to the plea bargain. Thus, despite any lack of education or experience on Jones's part, the District Court's finding that Jones was not coerced by the advice of his attorney must be upheld. See *Davis v. Wainwright,* 5 Cir., 1977, 547 F.2d 261.

Jones also asserts another strand of involuntariness by claiming that he was not informed of the elements of the crime with which he was charged. While an incomplete understanding of a charge cannot constitute an intelligent admission of guilt, *Henderson v. Morgan,* 1976, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed. 108, Jones testified at the magistrate evidentiary hearing that he and his attorney discussed and considered the facts and potential witnesses in his case. Although Jones asserted that he was ignorant of the technical legal aspects, he also indicated that his attorney did explain, at least in part, the manslaughter charge. Moreover, Jones testified that he attended three or four preliminary hearings on the charge. At sentencing the prosecutor read the charges to Jones and the state court Judge made sure that Jones understood them. The Judge also made sure that Jones understood the potential sentence and significance of a guilty plea and that Jones was not coerced into entering the plea. In this posture, we cannot find the conclusions of the District Court clearly erroneous. See *Fisher v. Wainwright,* 5 Cir., 1978, 584 F.2d 691.

Jones also claims that his attorney appointed at the probation revocation hearing, (now Judge) Perry Little, was ineffective since Little did not investigate the charges or discuss them adequately with Jones. Our standard requires not perfect but reasonably effective assistance, *Herring v. Estelle,* 5 Cir., 1974, 491 F.2d 125, which may be provided even if counsel spends only a short time with his client. See, e. g., *Howard v. Beto,* 5 Cir., 1972, 466 F.2d 1356, 1357, but compare, *Jones v. Henderson,* 5 Cir., 1977, 549 F.2d 995, 998 (Brown, Chief Judge, dissenting). It should also be remembered that there is no right to counsel at a probation revocation hearing, although due process may require that an attorney be appointed in a particular case. *Gagon v. Scarpelli,* 1973, 411 U.S. 778, 787–91, 93 S.Ct. 1756, 36 L.Ed.2d 656.

It is undisputed that Little was totally unfamiliar with the case when he arrived at the revocation hearing. Little's only conversation with Jones occurred immediately prior to the hearing when Little asked Jones if Jones understood the charges and how Jones wanted to plead. However, Jones admitted to the magistrate that he had already made up his mind to plead guilty before counsel was appointed. Further, Jones admitted that he pleaded guilty because he was, in fact, guilty. Jones also stated that no one forced or threatened him

to plead guilty. Indeed, while Jones contended that no attorney could effectively prepare a case in the limited time available, he praised Little as "probably one of the best attorneys that ever hit Tampa." Although we do not in any way endorse the summary interview and counseling procedure employed in this case, we cannot say that the District Court's finding of effective assistance was clearly erroneous.

AFFIRMED.