**Houston Earl MAYS, Petitioner–Appellant,**

v.

**Charles R. BALKCOM, Warden, Georgia State Prison, Respondent–Appellee.**

**No. 79–1589.**

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1980.

---

Mark J. Kadish (Court–appointed), Rhonda A. Brofman, Atlanta, Ga., for petitioner–appellant.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent–appellee.

Before COLEMAN, Chief Judge, RONEY and GARZA, Circuit Judges.

GARZA, Circuit Judge:

The petitioner, Houston Earl Mays, was charged in the Superior Court in Fulton, Georgia, with the offense of armed robbery. Mays pleaded not guilty to the charge. On

the day before the trial was to commence, the court appointed counsel to represent Mays. On the day of trial, before the jury had been selected, the court listened to arguments by defense counsel concerning motions to dismiss, a motion for preliminary hearing and a motion to require the government to pay for the transportation of certain witnesses favorable to the defense who were in prison in Oklahoma. Following these arguments, but still before the jury was selected, Mays conveyed to the court his belief that his attorney could not adequately represent him since he had only been appointed the day before. Mays stated that he would need some time to remember where he was on the date of the robbery. Treating this as a motion for continuance, the court denied it on the grounds that Mays had been aware of the charge against him for fourteen months and that his counsel was an experienced trial lawyer. Following this, Mays' counsel informed the court that he was prepared for trial.

Mays then proceeded to trial and was convicted. Mays' conviction was affirmed by the Supreme Court of Georgia. Mays then sought a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. Mays' petition contained four challenges to his conviction: 1) prosecutorial misconduct in failing to file Mays' demand for a speedy trial and in denying him a speedy trial; 2) error by the Georgia Supreme Court in not setting aside his conviction based upon his speedy trial claim; 3) violation of his Sixth Amendment rights in denying his motion for the government to obtain the requested defense witnesses from prison; and 4) denial of due process by the trial court's refusal to grant a preliminary hearing. The district court denied the petition.

Shortly thereafter, the Georgia Supreme Court denied a motion for certification of probable cause, which exhausted all state remedies available to the defendant. Over a year later, Mays filed his second writ of habeas corpus in federal court. This time, his petition listed three attacks on his conviction: 1) denial of effective assistance of counsel; 2) an alteration of the indictment from a charge of robbery to armed robbery;

and 3) error by the trial court in charging the jury on armed robbery. The petition was heard by a United States Magistrate who found that the second and third challenges were frivolous. The indictment charged armed robbery and in the alternative, robbery by intimidation. The magistrate recommended that Mays' challenge on the effectiveness of counsel was barred under Rule 9(b) of the Federal Rules of Civil Procedure as being successive. Among the documents the Magistrate possessed in making his decision was a standard form entitled "Petitioner's Response as to Why His Petition Should Not be Barred Under Rule 9." Mays' only excuses for not raising the issue of effectiveness of counsel in his first petition was that he learned of the issue after his first application had been filed and that he had not exhausted his state remedies on this point. The magistrate felt that these reasons were insufficient and recommended to the district court that the application be denied as successive. The magistrate's recommendations were adopted by the district court.

Mays then filed a *pro se* appellate brief in which he raised six issues. Four of them are the exact four raised in Mays' first writ of habeas corpus. The other two are his claims regarding denial of effectiveness of counsel and a violation of the Fifth Amendment in the trial court's charging the jury on the offense of armed robbery. A few months later, appellate counsel for Mays filed a supplemental brief. In that brief, only three issues are raised: 1) Mays' present petition for habeas corpus is not successive; 2) Mays was denied effective assistance of counsel; and 3) the trial court violated Mays' due process rights when it gave a jury instruction which allegedly shifted the burden of proof to Mays.

The four claims which Mays raised in his *pro se* brief are exactly the same as the four raised in his first federal petition. Since those issues have already been examined and decided, this court finds them without merit and will not entertain them pursuant to 28 U.S.C. § 2244(b). This court also finds, as did the magistrate and the

district court, that Mays' challenges regarding the alleged alteration of the indictment from robbery to armed robbery and the trial court's charge on armed robbery are totally without merit.

The next challenge concerns the magistrate's denial of habeas corpus on the ground that the present petition is successive and did not raise newly discovered evidence. The Supreme Court has held that a district court need not hear a second petition for habeas corpus which alleges new grounds if there has been an abuse of the writ, which burden to prove is upon the government. *Sanders v. United States*, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). This standard has been codified in Rule 9(b) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. 2254. Rule 9(b) provides as follows:

> (b) Successive petition. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

The intent of Rule 9(b) is to gather all of an applicant's claims into one petition so that they can be exhausted in the state court at one time, allowing the federal court to dispose of the matter quickly and efficiently. *Galtieri v. Wainwright*, 582 F.2d 348, 357 (5th Cir. 1978) (en banc). A claim is considered to be an abuse of the writ if it is due to inexcusable neglect or deliberate withholding of a ground for relief. *See Paprskar v. Estelle*, 612 F.2d 1003, 1006 (5th Cir. 1980).

Thus, a petitioner who fails to include a claim of which he was aware in his first petition runs the risk of a denial of such claim in a second petition on the ground that he has abused the writ of habeas corpus. Naturally, if a petitioner was unaware of the facts upon which a newly asserted claim is based or was unaware that the facts would constitute a basis for feder-

al habeas corpus relief or has some other justifiable reason, a court will not find an abuse of the writ. *Paprskar v. Estelle*, 612 F.2d at 1007; *Johnson v. Copinger*, 420 F.2d 395, 399 (4th Cir. 1969). Once the government has met its burden by pleading an abuse of the writ, the burden then shifts to the petitioner to prove that he has not abused it. *See Galtieri v. Wainwright*, 582 F.2d at 357 n.18.

In the present case, the government contends that Mays' present petition contains no evidence that was not known at the time of the drafting of the first petition and, thus, amounts to an abuse of the writ. By means of the standard form for use in § 2254 cases involving Rule 9 used in the district court Mays was given an opportunity to explain why his claim regarding ineffectiveness of counsel, as well as his claims regarding the armed robbery charge, was not an abuse of the writ. His only response was that he learned of the grounds after the filing of his first application. The magistrate and district court considered this to be an unacceptable reason and found an abuse of the writ.

This court realizes that a *pro se* petition filed by a prisoner should be examined more liberally than one drawn up by an attorney. A pro se applicant will more than likely not be aware of all the possible sets of facts which could result in a granting of relief by way of habeas corpus. Such does not appear to be the case in this instance, however. Prior to the trial which ultimately resulted in Mays' conviction, Mays informed the court, in the presence of his own attorney, that he did not feel that his attorney could represent him to "the best of his ability . . . in a charge as serious as this when he was only appointed to me yesterday." Trial Transcript at 38. Obviously, Mays was well aware of the issue of ineffective assistance of counsel before he ever even considered filing a habeas corpus petition. His failure to include this claim can only be considered inexcusable neglect at best and a deliberate withholding of a ground for relief at worst. The court will

not tolerate needless piecemeal litigation, *Sanders v. United States*, 373 U.S. at 18, 83 S.Ct. at 1078, and in the instant case, the magistrate and district court clearly had grounds to find that the second petition was an abuse of the writ.[1]

▪ Petitioner also contends on appeal that the trial court's jury instruction impermissibly shifted the burden of proof. In the present case the trial judge instructed the jury that:

> Intent may be inferred by proof of circumstances or by acts and conduct or may be presumed when it's the natural and necessary consequences of an act. The law presumes that every act which is in itself unlawful is done with criminal intent until the contrary is made to appear.

Petitioner contends that the Supreme Court's decision in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), requires a vacating of the conviction. The Court in *Sandstrom* found that an instruction which provided that "the law presumes that a person intends the ordinary consequences of his voluntary act," shifts the burden of proof and represents constitutional error. *Id.* at 521, 99 S.Ct. at 2458. This issue is raised for the first time on appeal. Neither the state courts nor the federal district court had an opportunity to examine and determine this issue. This omission, however, is not due to any neglect on the part of the petitioner. *Sandstrom* was decided over two years after the state had denied the present petition and over four months after the district court denied Mays' federal petition. A portion of the charge in the present case is similar to that condemned in *Sandstrom*. Petitioner contends that this court should consider the *Sandstrom* issue as it bears upon the present case and to give *Sandstrom* retroactive effect.

However, since the district court has never had the opportunity to examine this claim, it should be given a chance to do so. Although we find no error in the magistrate's findings, adopted by the district court, as to the issues considered by it, the case should be remanded so that the petition may be amended to allege the *Mann–Chiantese–Sandstrom* issue for consideration by the district court.[2] If the court

---

1. Assuming *arguendo* that the district court should have entertained the ineffectiveness of counsel claim, this court perceives no such ineffectiveness in the record. The right to counsel is equivalent to the right to effective counsel. *United States v. Woods*, 487 F.2d 1218, 1219 (5th Cir. 1973). A defendant is entitled to counsel who is reasonably likely to render, and renders, reasonably effective assistance. *United States v. Johnson*, 615 F.2d 1125, 1127 (5th Cir. 1980). This court has held, though, that the brevity of time spent in consultation, without more, does not establish that counsel was ineffective. *Jones v. Estelle*, 622 F.2d 124, 127 (5th Cir. 1980); *Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir. 1979). The burden of proof in establishing such a charge is upon the petitioner, and it must be shown by a preponderance of the evidence, *Marino v. United States*, 600 F.2d 462, 464 (5th Cir. 1979). In the present case, counsel for petitioner had sufficient time to consult with defendant, filed a number of pre-trial motions and conducted an adequate defense. Additionally, when asked by the court whether defense counsel was ready for trial, the answer was in the affirmative. This factor is given added weight by the trial judge's remarks that defense counsel was an experienced lawyer. It does not appear from the record, therefore, that petitioner was the victim of ineffectiveness of counsel.

2. Since *Sandstrom* does not deal with the language in this case requiring proof to the contrary, the district court may also find it helpful to consider the applicability of a line of Fifth Circuit cases beginning with *Mann v. United States*, 319 F.2d 404 (5th Cir. 1963), *cert. denied*, 375 U.S. 986, 84 S.Ct. 520, 11 L.Ed.2d 474 (1964). The Fifth Circuit in *Mann* condemned a jury instruction which stated:

> It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. So, unless the contrary appears from the evidence, the jury may draw the inference that the accused intended all the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by the accused.

The *Mann* case held that such an instruction was plain error when the sole defense was lack of intent. *Id.* at 410. Since then, due to a great number of cases which had distinguished *Mann*, the Fifth Circuit has held that such a charge definitely shifts the burden but that it

determines that the issue must first be presented to state court, any dismissal would be without prejudice to a future federal petition on this ground, not subject to dismissal as a successive petition. If counsel for Mays determines that exhaustion is required, the necessity for amendment at the district court level becomes moot. The district court's dismissal ensuing from such a determination will be without prejudice to the filing of a federal petition after exhaustion, if relief in the state courts is denied.

AFFIRMED AND REMANDED WITH DIRECTIONS.

COLEMAN, Chief Judge, concurring:

My concurrence is not to be taken as indicating belief that, if applicable, *Sandstrom* should be given retrospective effect in this, or any other, collateral attack.

will not produce an automatic reversal. *United States v. Chiantese*, 560 F.2d 1244, 1255 (5th Cir. 1977) (en banc), *cert. denied*, 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 395 (1979). The Fifth Circuit in *Chiantese* also ruled that its holding was prospective only. *Id.* at 1256. In *United States v. Spiegel*, 604 F.2d 961, 970 (5th Cir. 1979), the Fifth Circuit held that such an in- struction is not plain error. Although the *Chiantese* and *Spiegel* cases have no effect on petitioner's 1971 trial, their explanations of the evolution of the *Mann* decision could be helpful to the district court on remand, especially if the district court declines to apply *Sandstrom* retroactively.