Gregory **SOCKWELL**,
Petitioner-Appellant,

v.

Ross **MAGGIO, Jr.**, Warden, Louisiana State Penitentiary, and the Attorney General of the State of Louisiana, Respondents-Appellees.

No. 82–3653
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 11, 1983.

---

**342**

Gregory Sockwell, pro se.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant Gregory Sockwell, a state prisoner incarcerated in the Louisiana State Penitentiary at Angola, appeals the dismissal of his second federal habeas petition under 28 U.S.C. § 2254. On September 10, 1975, Sockwell was convicted of armed robbery and sentenced to serve 150 years as a multiple offender. His conviction and sentence were affirmed by the Louisiana Supreme Court. *State v. Sockwell,* 337 So.2d 451 (La.1976). He exhausted state remedies both on appeal and in an application for postconviction relief.

A prior federal habeas corpus petition filed in 1978 objected to the admission into evidence of an inculpatory statement at Sockwell's robbery trial. The petition was denied.

In this federal habeas petition, Sockwell challenges the admission into evidence of the same inculpatory statement but asserts that he was being denied his constitutional right to counsel at the time he made it when a police officer continued to interrogate him after he invoked his right to counsel and to remain silent. Sockwell's claim

involves a newly asserted claim of a constitutional right, the right to counsel, but it is based on the same facts raised in the prior petition. His assertion is that there is new law governing his right to counsel in the *factual* situation, *citing Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).

The State responded on the merits to Sockwell's petition. After reviewing the writ history, however, the magistrate *sua sponte* raised the issue of "abuse of the writ". Rule 9(b), Rules Governing Section 2254 Cases. The magistrate determined that Sockwell's 1978 federal habeas application challenged the introduction of the inculpatory statement, alleging that his conviction thereby was obtained in violation of the privilege against self-incrimination. The prior habeas petition and subsequent rulings do not appear in the record but are described in the magistrate's report.

The magistrate notified Sockwell that his petition was subject to dismissal under Rule 9(b), and requested that Sockwell supply reasons justifying consideration of the second petition. In response to the magistrate's order, Sockwell stated that he was proceeding *pro se* with the assistance of writ writers and that he was previously unaware of his constitutional right to counsel discussed in *Edwards v. Arizona.*

The magistrate recommended that the petition be dismissed with prejudice as an abuse of the writ under Rule 9(b). The magistrate stated that Sockwell's failure to raise this issue was due to "inexcusable neglect at best or the deliberate withholding of the ground at worst." In addition, the magistrate concluded that this issue was a restatement of an issue previously resolved on the merits.

The district court dismissed the petition with prejudice on the basis of the magistrate's recommendation without consideration of the merits of Sockwell's claim. Sockwell timely appealed. The district court granted therefore a certificate of probable cause and leave to appeal *in forma pauperis.*

### Objections to the Magistrate's Report

█ Appellee contends that Sockwell failed to object to the magistrate's recommendation of dismissal and thus waived his right to raise his claims on appeal. There is no indication in the record that Sockwell ever received the magistrate's report or was informed that he should file objections. We have held that appellate review is not barred even though a petitioner failed to object to a magistrate's report adopted by the district court, where the petitioner was not informed that he had to file objections to the report or suffer a limitation on the scope of appellate review. *Hardin v. Wainwright,* 678 F.2d 589, 591 (5th Cir.1982). Because there is no showing in the record that Sockwell ever received a copy of the report, appellate review cannot be precluded.

### Dismissal as an Abuse of the Writ Under Rule 9(b)

The merits of the petition are not before us because the petition was dismissed under Rule 9(b) and that dismissal is the subject of the appeal. Appellee never addressed this issue in district court, but now contends that dismissal was proper under Rule 9(b).

The doctrine of abuse of the writ has developed as a result of the familiar rule that a denial of an application for habeas corpus is not *res judicata* with respect to subsequent petitions for habeas relief. *Potts v. Zant,* 638 F.2d 727, 738 (5th Cir.), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981), *citing Sanders v. United States,* 373 U.S. 1, 7, 83 S.Ct. 1068, 1072, 10 L.Ed.2d 148, 156 (1963). This doctrine is embodied in Rule 9(b) of the Rules Governing Section 2254 Cases, which provides that a second or successive petition may be dismissed if the judge finds that "it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a

prior petition constituted an abuse of the writ."

■ Abuse of the writ doctrine is of "rare and extraordinary application," *Vaughan v. Estelle,* 671 F.2d 152, 153 (5th Cir. 1982), precluding a Rule 9(b) dismissal unless "it can be shown that the petitioner either deliberately withheld a claim from a previous petitioner or was inexcusably neglectful." *Haley v. Estelle,* 632 F.2d 1273, 1275 (5th Cir.1980).

■ "If a petitioner is able to present some 'justifiable reason' explaining his actions, reasons which 'make it fair and just for the trial court to overlook' the allegedly abusive conduct, the trial court should address the successive petition." *Potts v. Zant,* 638 F.2d at 741 quoting from *Price v. Johnston,* 334 U.S. 266, 291, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948). If a petitioner's unawareness of facts which might support a habeas application is excusable, or if his failure to understand the legal significance of the known facts is justifiable, the subsequent filing is not an abuse of the writ. *McShane v. Estelle,* 683 F.2d 867, 870 (5th Cir.1982); *Jones v. Estelle,* 692 F.2d 380, 386 (5th Cir.1982); *Haley v. Estelle,* 632 F.2d at 1275.

■ Although an examination of the magistrate's show cause order and Sockwell's subsequent response indicates that the magistrate complied with the procedural requirements for summary dismissal pursuant to Rule 9(b), *see Jones v. Estelle,* 692 F.2d at 384, Sockwell's response to the magistrate's show cause order raises a genuine issue of material fact. *See McShane v. Estelle,* 683 F.2d at 870. In response to the magistrate's request for reasons, Sockwell expressly relies on *Edwards v. Arizona,* contending that he was unaware of the right now asserted. This claim clearly is credible since *Edwards* was decided in 1981, three years *after* Sockwell's previous habeas petition was dismissed in 1978. Therefore, Sockwell's claim that the admission of the inculpatory statement deprived him of the right to counsel raises an issue of legal significance not previously considered in the prior petition.

The state's ruling on direct appeal turned on a finding that Sockwell's inculpatory statement, given after the *Miranda* warnings, was spontaneous and voluntary. *State v. Sockwell,* 337 So.2d at 453–454. The magistrate indicates that the resolution of the prior federal habeas petition on the merits also turned on the finding of voluntariness. In view of *Edwards v. Arizona,* however, petitioner's claim may have merit because a finding of voluntariness does not foreclose a consideration of the right to counsel issue now raised. A finding that his statement is voluntary does not waive the *Miranda* guarantee that there be a court-appointed attorney present during his interrogation. *Edwards v. Arizona,* 451 U.S. at 483, 101 S.Ct. at 1884. The Court in *Edwards* specifically stated that the waiver was not governed by a voluntariness standard but only by the knowing and intelligent relinquishment of a right to have counsel present. *Id.*

There is no evidence in the record before the Court to support the magistrate's finding of abuse or inexcusable neglect. There is no evidence of any purpose to vex, harass, or delay in this *pro se* petition.

Since an abuse of the writ does not lie when a petitioner is unaware that the facts would constitute a basis for federal habeas relief, and Sockwell's reasons are credible under the circumstances, the order of the district court must be vacated and the case remanded for further consideration either through a further evidentiary hearing on the issue of abuse of the writ or on the merits. *See McShane v. Estelle,* 683 F.2d at 870; *Potts v. Zant,* 638 F.2d at 747.

REVERSED and REMANDED.