William B. RAY, Petitioner,

v.

Thomas C. JONES, Superintendent,
Middle Georgia Correctional
Institute, Respondent.

Civ. A. No. C 83–715 A.

United States District Court,
N.D. Georgia, Atlanta Division.

Feb. 17, 1984.

William B. Ray, pro se.

Michael J. Bowers, Atty. Gen., Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

VINING, District Judge.

In this 28 U.S.C. § 2254 habeas corpus action the petitioner seeks relief from a sentence of life imprisonment imposed on him for a conviction of the offense of murder. This is the petitioner's second federal habeas corpus petition. In this petition the petitioner asserts that two constitutional errors occurred at his state court trial. First, he alleges that the evidence adduced at trial was insufficient to support his conviction, and, second he claims that he received ineffective assistance of counsel. In his first federal habeas corpus petition, which was filed almost seven years ago, the petitioner asserted four grounds of constitutional error, including a claim that the evidence presented by the state was insufficient to support his conviction for the offense of murder. Prior to the filing of his first federal habeas corpus petition, the petitioner filed a state habeas corpus petition which alleged seven grounds of constitutional error, including a claim that he was rendered ineffective assistance of counsel. This case was initially submitted to a magistrate pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 290.

### A. THE SUFFICIENCY OF THE EVIDENCE CLAIM

In his report and recommendation to this court the magistrate concluded that the petitioner's challenge to the sufficiency of the evidence was precluded because the petitioner litigated this claim, albeit unsuccessfully, in his previous federal habeas corpus case. Under the doctrine of *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, if a habeas corpus claim was litigated previously on the merits, the subsequent claim constitutes a successive claim, and the district court may dismiss the claim if the "ends of justice" would not be served by readdressing the merits of the petitioner's renewed

habeas corpus claim. *Bass v. Wainwright,* 675 F.2d 1204, 1206 (11th Cir.1982). Factors to be considered in evaluating whether the ends of justice will be served include a determination of whether there was a full and fair hearing with respect to the first petition and whether there has been an intervening change in the law. *Sanders,* 373 U.S. at 17–18, 83 S.Ct. at 1077; *Smith v. Kemp,* 715 F.2d 1459, 1468 (11th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 55, 78 L.Ed.2d 74 (1983). The petitioner shoulders the burden of demonstrating that the ends of justice would be served by the court's redetermination of issues decided adversely to him in his previous habeas corpus case. *Smith,* 715 F.2d at 1468; *Bass,* 675 F.2d at 1206.

In this case the petitioner has failed to offer any evidence or argument to sustain his burden of showing why the ends of justice mandate this court to reconsider his sufficiency of the evidence claim. However, upon its own examination this court has discovered an intervening change in the law which affects the petitioner's sufficiency of the evidence claim.

In the petitioner's previous federal habeas corpus case the district court adopted the report and recommendation of the magistrate to whom the first petition was initially assigned. *See Ray v. Hopper,* Civil Action No. 78–70A (N.D.Ga., Apr. 30, 1979) (adopting magistrate's report and recommendation filed on March 29, 1979). In the previous report and recommendation the magistrate stated the general proposition that challenges to the sufficiency of the evidence ordinarily are not proper matters for a federal district court to entertain when reviewing a petition for habeas corpus. The magistrate concluded, and the district court agreed, that the standard of review in a federal habeas corpus case raising a sufficiency of evidence claim is whether there is any evidence in the record to sustain the conviction. Specifically, the magistrate held: "The habeas corpus petitioner must demonstrate a total lack of evidence supporting the conviction," in order to prevail on a sufficiency of the evidence claim. Report and Recommendation at 2. The magistrate apparently relied upon *Thompson v. Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), and the cases construing *Thompson* which held that a challenge to the sufficiency of the evidence would be unsuccessful if there was any evidence in the record to support a conviction. *See Eleuterio v. Wainwright,* 587 F.2d 194, 196–97 (5th Cir.), *cert. denied,* 443 U.S. 915, 99 S.Ct. 3106, 61 L.Ed.2d 879 (1979); *Anderson v. Maggio,* 555 F.2d 447, 452 (5th Cir.1977).

However, subsequent to the district court's order adopting the magistrate's report and recommendation, the Supreme Court abandoned the *Thompson* "any evidence" standard of review and articulated a new standard to be employed when a federal district court entertaining a section 2254 petition embarks on the task of determining whether a state court conviction is supported by sufficient evidence. In *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court held that when evaluating a challenge to the sufficiency of the evidence the critical inquiry is not whether there is any evidence to support the conviction but "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318, 99 S.Ct. at 2788–89. The Court instructed that the federal habeas corpus court's role is limited to a determination of "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789 (emphasis in original). The *Jackson* standard is much higher than the *Thompson* standard, since a mere scintilla of evidence would satisfy the latter standard but probably would not satisfy the former standard. *Jackson* has been applied retroactively in this circuit. *See Holloway v. McElroy,* 632 F.2d 605, 637–39 (5th Cir.1980), *cert. denied,* 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981). In this case when considering the petitioner's first habeas corpus petition both the magistrate and the district

court applied the *Thompson* standard. Since the *Jackson* case constitutes an intervening change in the law, this court determines that the ends of justice mandate the reconsideration of the merits of the petitioner's sufficiency of the evidence claim.[1]

## B. THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

The petitioner's remaining claim—the ineffective assistance of counsel claim—presents a somewhat different problem, since the petitioner neither asserted nor litigated this claim in his prior federal habeas corpus petition. Under Rule 9(b) a habeas corpus petition may be dismissed without considering the merits only if there has been an abuse of the writ. *See also Sanders*, 373 U.S. at 17, 83 S.Ct. at 1078. And this circuit has repeatedly recognized that the abuse of the writ doctrine is of rare and exceptional application, and has consistently been reluctant to invoke the doctrine. *See Potts v. Zant*, 638 F.2d 727 (5th Cir. 1981); *Haley v. Estelle*, 632 F.2d 1273 (5th Cir.1980); *Paprskar v. Estelle*, 612 F.2d 1003 (5th Cir.), *cert. denied*, 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980). However, the Fifth Circuit has recognized that the doctrine may be invoked if it can be shown that the petitioner either deliberately withheld a claim from a previous petition or was inexcusably neglectful in his failure to assert a claim in a previous petition. *Haley*, 632 F.2d at 1275; *Paprskar*, 612 F.2d at 1006. *See also Stockwell v. Maggio*, 709 F.2d 341, 344 (5th Cir.1983).

Of course, it is difficult for the state to prove, or for the district court to determine, whether the petitioner deliberately withheld the claim from a previous petition. Therefore, the inquiry generally focuses on whether the petitioner was inexcusably neglectful in failing to assert the claim in a previous federal habeas petition. A petitioner is not inexcusably neglectful if he previously was unaware of facts supporting his newly asserted claim or was unaware that those facts constituted a basis for habeas relief. *Price v. Johnston*, 334 U.S. 266, 291, 68 S.Ct. 1049, 1062–63, 92 L.Ed. 1356 (1948); *Haley*, 632 F.2d at 1275.

In this case the petitioner asserts that he did not raise the ineffective assistance of counsel claim in his prior federal habeas corpus petition because he can neither read nor write and because fellow prison inmates, so-called "writ writers," helped him prepare his various state and federal habeas corpus petitions. However, the petitioner does not claim that he did not sign the previous petitions. Nor does he argue that he was unaware of the existence of his ineffective assistance of counsel claim prior to the filing of his first federal habeas corpus petition. Indeed, the face of the petitioner's first federal habeas corpus petition reveals that the petitioner raised the ineffective assistance of counsel claim in his state habeas corpus petition, which had been considered and rejected prior to the time when the petitioner filed his first federal habeas corpus petition. Yet, the petitioner elected not to raise the ineffective assistance of counsel claim in his first federal habeas corpus petition.[2]

1. The court expresses no view regarding the petitioner's likelihood of success on his sufficiency of the evidence claim. The court's holding merely affords the petitioner the opportunity to present the merits of his claim. In order to prevail on the merits the petitioner must demonstrate that "after viewing the evidence in light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.

2. A situation similar to that raised in this case was presented in *Mays v. Balkcom*, 631 F.2d 48 (5th Cir.1980). In *Mays*, the section 2254 habeas corpus petitioner filed two federal habeas corpus petitions, but one of the claims asserted in the second petition, an ineffective assistance of counsel claim, had not been raised in the petitioner's first petition. The *pro se* petitioner claimed that he failed to raise the ineffective assistance of counsel claim because he was previously unaware of the grounds supporting this claim. Upon examination of the record, however, it was revealed that prior to the commencement of the trial in state court, the petitioner informed the trial court that he believed his court-appointed attorney could not adequately represent him. Because of this evidence in the record, the federal court addressing the petitioner's second federal habeas cor-

This court is aware of the well-accepted premise that a *pro se* petition should be examined more liberally than one prepared and submitted by an attorney, *Mays v. Balkcom*, 631 F.2d 48, 51 (5th Cir.1980),[3] but the acceptance of this premise does not mean that the *pro se* petitioner can abdicate all responsibility for either his actions or the actions of others he engages to aid him. Additionally, the petitioner's argument ignores the fact that his signature on both federal habeas corpus petitions constituted an acknowledgement that he had read and verified the petitions. *See* 28 U.S.C. § 2242.[4] Taken to its logical conclusion, the petitioner's argument would mean that a claim of illiteracy or ignorance would insulate any *pro se* habeas corpus petitioner from the consequences of his previous actions.[5] This court is unwilling to accept or forge such a novel principle. This court's holding is narrow and is a mere extension of the well-accepted premise applicable to all civil proceedings—when a party signs a pleading, such as an application for writ of habeas corpus, that party will be bound by the representations, statements, and assertions made in that pleading. *See* Fed.R.Civ.P. 7(b) & 11.[6]

Accordingly, this court concludes that the plaintiff's failure to raise the ineffective assistance of counsel claim in his first federal habeas corpus petition constituted inexcusable neglect, and the ineffective assistance of counsel claim is therefore DISMISSED as a successive claim.

In summary, this case is REMANDED for consideration of the merits of ground one of the petition, the sufficiency of the evidence claim; ground two of the instant petition, the ineffective assistance of counsel claim, is DISMISSED as a successive claim.

---

pus petition concluded that the petitioner's failure to include the ineffective assistance of counsel claim in the first habeas corpus petition could only be considered inexcusable neglect, at best, and a deliberate withholding of a ground, at worst. *Id.* at 51.

3. A related but somewhat different doctrine is found in *Haley v. Estelle,* 632 F.2d 1273 (5th Cir.1980). *Haley* involved a challenge to the district court's conclusion that a second federal habeas corpus petition filed by a *pro se* petitioner was a successive petition, since the petitioner asserted new grounds for relief not raised in his previous habeas corpus petition. The *Haley* court reversed the district court and instructed that when reviewing a habeas corpus petition filed by a *pro se* petitioner, the federal court cannot assume that the petitioner was familiar with federal procedure or the legal basis that may have justified his claim. The *Haley* court summarized this concern by stating: "Haley [the petitioner] should not be penalized because his inexperience in jurisprudence left him unaware of claims he had not considered at the time of his first application for habeas corpus." *Id.* at 1276. The concern in *Haley* is quite different than the concern in the instant case. This case does not involve a claim of which the petitioner was unaware at the time the petitioner filed his first federal petition, for the petitioner in this case had previously raised that claim in the state habeas corpus proceeding. Rather,

sole issue in this case is whether the *pro se* habeas corpus petitioner can skirt the responsibility for either his actions or the actions of others performed on his behalf.

4. In pertinent part 28 U.S.C. § 2242 provides:

Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

5. Even assuming the petitioner is illiterate, it is not unreasonable for a court to assume that the petitioner was aware of the contents and substance of his prior pleadings, including his state and federal habeas corpus petitions. Assuming the petitioner is assisted by a writ writer in preparing his habeas corpus petitions, the petitioner could ask the writ writer either to summarize the contents of the petition or to read verbatim the habeas corpus petition.

6. In pertinent part Fed.R.Civ.P. 11 provides:

A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address.... The signature of ... [a] party constitutes a certificate by him that he has read the pleading, motion, or other paper; [and] that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact....