**Gregory SOCKWELL,**
**Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden, Louisiana**
**State Penitentiary, et al.,**
**Respondents-Appellees.**

No. 84–3318
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1984.

James H. Looney (Court-Appointed), New Orleans, La., for petitioner-appellant.

Harry Connick, Dist. Atty., E. Sue Bernie, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, Gregory Sockwell, is serving a sentence of 150 years in the Louisiana State Penitentiary at Angola. He was convicted of armed robbery and, as a multiple offender, his sentence was enhanced. His conviction and sentence were affirmed by the Louisiana Supreme Court, *State v. Sockwell*, 337 So.2d 451 (La.1976). He has exhausted his state remedies both by way of appeal and in an application for post conviction relief.

In 1978, Sockwell filed a federal habeas corpus petition objecting to the admission into evidence of an inculpatory statement. The petition was denied.

This second application for federal habeas corpus under 28 U.S.C. § 2254 challenges the admission in evidence of the same inculpatory statement, but asserts that he was being denied his constitutional right to counsel at the time he made this statement. This assertion is a new claim of a constitutional right, but is based upon the same facts raised in the prior petition. The district court dismissed the petition as an abuse of the writ under Rule 9(b), Rules Governing Section 2254 Cases.

Upon appeal we reversed, *Sockwell v. Maggio*, 709 F.2d 341 (5th Cir.1983). We held that it was excusable for him not to have raised this claim in the earlier habeas petition because he relied upon the case of *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), which was decided after his prior petition. We remanded the case to the district court for further consideration "either through a further evidentiary hearing on the issue of abuse of the writ or on the merits." *Sockwell v. Maggio, supra,* 709 F.2d at 344. Upon remand the state waived any claim of abuse of the writ under Rule 9(a), and a hearing was held on the merits of Sockwell's claim.

The facts of the case are effectively and succinctly described by the Louisiana Supreme Court in the decision affirming Sockwell's conviction:

During the early morning hours of August 4, 1975, Adrien Logan was robbed of $29.00 at gunpoint. He knew his assailant and immediately reported the incident to the police by telephone. As a result, a description of Sockwell and the fact that he was wanted was broadcast over police radio. Officer Kenny Maes had been stationed in the neighborhood for several years and knew Sockwell. Shortly after the notice was broadcast, he recognized Sockwell walking alone in the 7600 block of Maple Street; and, in company with Officer Irwin Breaux, Officer Maes arrested him. Sockwell was first read his *Miranda* rights by the arresting officers, but refused to sign the rights of arrestee form and refused to speak; therefore, he was not interrogated. The arresting officers reported over police radio that Sockwell had been arrested, and they drove to the corner of Carrollton and Oak with Sockwell in the police car.

Shortly thereafter Officers Mel Garrett and Jim Hall drove up in a second police car with Adrien Logan, the victim of the armed robbery. Logan went over to the police car where Sockwell was sitting, looked in, saw Sockwell and declared, "That's the man who held me up." Sockwell retorted, "Why don't you tell them

you owed me money. You owed me $20.00," or words to that effect.

Logan then asked Sockwell, "Where's my wallet?"; and Officer Garrett echoed "Where's his wallet?"

Sockwell replied, "I threw it away." ... [T]he *Miranda* decision does not apply to volunteered statements, and certainly not to a spontaneous reply to a question by the victim of the crime. While Officer Garrett repeated Logan's question, the question was Logan's. *State v. Sockwell*, 337 So.2d 451, 453 (La.1976).

Section 2254(d) of 28 U.S.C. provides:

[A] determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or the officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, ....

This presumption can be overcome only with an explicit finding of justification under one of the eight prerequisites for intervention which follow in Section 2254(d). *Germany v. Estelle*, 639 F.2d 1301, 1304 (5th Cir.1981). The only prerequisite which could possibly be of relevance in this case is number 8 which enables an attack upon the findings of the state court under a standard that the record does not fairly support the factual determination.

The only issue in this case having to do with the content of the record is found in the factual finding that the victim first asked where his wallet was before the police officer did so. A fair reading of the testimony of the police officer indicates that this factual conclusion is justified.

Petitioner asserts that under *Edwards v. Arizona, supra,* he was denied the right to counsel because his inculpatory statement was elicited under the facts set out above. *Edwards* held that an accused who had earlier refused to be interrogated without counsel cannot be found to have waived the right to counsel during police interrogation solely because he answered questions in the absence of counsel.

We find it unnecessary to involve ourselves in the implications of *Edwards v. Arizona, supra,* and the fact that the Supreme Court in *Solem v. Stumes,* —— U.S. ——, ——, 104 S.Ct. 1338, 1345, 79 L.Ed.2d 579 (1984), held that *Edwards* is not to be applied retroactively. In the first place, although petitioner had been read his *Miranda* rights, and had refused to answer questions, he did not request the appointment of counsel at that time. There is no authority which establishes that the refusal to answer questions asked by the police automatically is a request for the appointment of counsel. *Cf. Jordan v. Watkins,* 681 F.2d 1067, 1070 (5th Cir.1982); *United States v. Hernandez,* 574 F.2d 1362, 1370 (5th Cir.1978). But of greater significance in this case is the fact that the particular question asked was asked by the victim rather than by the police. The police officer simply echoed the question which was already asked. The findings of fact make clear that the accused responded to the question of the victim directly rather than to the casual seconding of the exact same question by the police. Thus accused does not establish that there was any interrogation by the police after he had been warned of his rights.

Finally, the evidence in this case clearly invokes the rule of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Even if there were error, it was harmless error beyond a reasonable doubt. The facts overwhelmingly establish Sockwell's guilt of the crime. The victim, Logan, knew his assailant, Sockwell. Later in the evening Logan in the presence of Sockwell advised the police that Sockwell was the person who had robbed him to which remark Sockwell himself made the incriminating admission directly to Logan.

Petitioner has now twice properly had his petitions denied. The first denial was on the ground that the inculpatory statement on its own was not inadmissibly obtained. The second denial was on the ground that he cannot claim that the inculpatory state-

ment was improperly obtained because of the lack of counsel at the time it was obtained. The district court properly denied relief to petitioner based upon his claim that the introduction of the inculpatory statement as evidence in his original prosecution for armed robbery violated his right to counsel. The decision of the district court denying the writ must be affirmed.

AFFIRMED.