JOHN G. FARRELL *vs.* COMMONWEALTH. June 5, 1972. The peti-
tioner on May 22, 1969, was convicted on indictments charging an
assault with intent to commit rape and rape. The case is before
the full court upon the petitioner's exception to the sustaining of the
Commonwealth's demurrer to his petition for a writ of error brought
in the county court. The petition sets forth the skeletal history of
prior proceedings: Before sentencing, the trial judge allowed the
petitioner's court appointed counsel to be discharged from further
representation of the petitioner in other pending indictments. The
petitioner's counsel on appeal was appointed on September 8, 1969,
and his motion for a new trial was denied on January 14, 1971. The
petition concludes with the following prayer: "[Y]our Petitioner
prays that . . . [the] Court issue a Writ of Error . . . directing that
the sentence[s] . . . under . . . [the two indictments] be set aside
because the conviction[s] and sentence[s] were rendered in contraven-
tion and violation of the Petitioner's constitutional rights and, fur-
ther, the Defendant was denied the effective assistance of counsel
during the pendency of the appeal period and, further, the Petitioner
prays that . . . [the] Court make an order that the sentence[s] . . .
be vacated, that the verdicts be set aside and that . . . a new trial
. . . [be granted and that] the Commonwealth be ordered to dismiss
. . . [the first] indictment [charging assault with intent to commit
rape] on the basis that Count I of . . . [the first indictment] is a lesser
included offense of the crime [of rape] alleged in Count I of . . .
[the second indictment], all indictments having arisen out of the
same factual situation." Review under a writ of error " 'is of matters
of law apparent on the record of the court in which the judgment
was entered as disclosed by the return.' . . . [The writ of error] is a
restricted remedy." *Guerin* v. *Commonwealth,* 337 Mass. 264, 268.
The petition here involved makes only "vague and sweeping suggestion
of violation of rights under the [Federal] Constitution . . . or under
our . . . [State] Constitution." *Id.* at 269. A petition for a writ
of error "should . . . [set forth] every fact material to the issues

sought to be raised." *Delle Chiaie* v. *Commonwealth*, 353 Mass. 771, 772. In the instant case the petition fails to allege facts which would indicate that there was any deprivation of counsel rising to a constitutional dimension. With respect to the suggestion of double jeopardy, the allegation made is conclusory in nature and is not supported by any specification. No facts are alleged which would indicate that the convictions and sentences ensued "from a single act of the defendant" (see *Kuklis* v. *Commonwealth*, 361 Mass. 302, 307 n. 3) as opposed to separate acts in close temporal proximity. In sum, the petition "[falls] far short of presenting the minimum material necessary for a proper consideration of . . . [the] issues [raised by the defendant's assertion of error]." *Delle Chiaie* v. *Commonwealth*, *supra*. The demurrer was properly sustained.

*Exceptions overruled.*

*Conrad W. Fisher* for the petitioner.
*Bernard Manning*, Assistant Attorney General, for the Commonwealth.