ROBERT F. LAMOUREUX *vs.* COMMONWEALTH. November 6, 1972. In *Commonwealth* v. *Lamoureux*, 348 Mass. 390, we affirmed the convictions of Lamoureux for robbery and kidnapping. Subsequently he sought relief in the Federal Court on various grounds in a number of actions and, there being unsuccessful, has now filed a petition for a writ of error in the county court. He assigns as error alleged violations of his constitutional rights because of unduly suggestive pre-trial identification procedures and excepts to the denial by the single justice of the issuance of the writ. He was tried in May of 1964, prior to the decisions in *United States* v. *Wade,* 388 U. S. 218, *Gilbert* v. *California,* 388 U. S. 263, and *Stovall* v. *Denno,* 388 U. S. 293. Whether or not the victim had identified the proper person was a factual question for the jury, and whether or not the victim made an in-court identification on the basis of a pre-trial identification so unnecessarily suggestive as to cause irreparable damage is also a factual issue. In *Earl* v. *Commonwealth,* 356 Mass. 181, we considered the employment of the writ of error as a vehicle for appeal on alleged constitutional errors which have their basis in factual disputes. We concluded in the *Earl* case that it is preferable that these questions be resolved in the first instance by the trial judge upon a motion for a new trial. P. 183. This case comes clearly within the holding of the *Earl* case. The order of the single justice denying the issuance of the writ of error was correct.

*Exceptions overruled.*

*Robert A. Bell* for the petitioner.

*Harvey F. Rowe, Jr.,* Assistant Attorney General, for the Commonwealth.