TERRY LEE GIBNEY vs. COMMONWEALTH
(and a companion case[1]).

Suffolk. March 8, 1978. — May 2, 1978.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Error, Writ of. Practice, Criminal,* Plea.

On two petitions for writs of error, this court declined to consider the petitioners' arguments that the prosecutor violated their rights by reneging on his plea bargains and that they were denied effective assistance of counsel where the record was totally inadequate and fell far short of presenting the minimum material necessary for a proper consideration of the issues. [148]

There was no merit in arguments raised by two petitions for writs of error that the petitioners were entitled either to have their alleged plea bargains honored by the judge or to have an opportunity to withdraw their guilty pleas once the judge had decided not to impose sentence in conformity with the agreement. [148-149]

Two PETITIONS for writs of error filed in the Supreme Judicial Court for the county of Suffolk on October 13, 1977.

The cases were heard by *Braucher,* J.

*John Cavicchi* for the petitioners.

*John T. McDonough,* Assistant District Attorney for the Commonwealth.

LIACOS, J. These are appeals from judgments denying issuance of writs of error and dismissing the petitions filed in the Supreme Judicial Court for the county of Suffolk. Because the petitions were on judgments for manslaughter, the provisions of G. L. c. 250, § 11, apply, and issuance of the writs rested in the sound discretion of the single justice. The sole issue before this court is therefore whether the

---

[1] Charles W. Hawley vs. Commonwealth.

single justice abused his discretion. *Aronson* v. *Commonwealth*, 331 Mass. 599, 601 (1954). *McGarty* v. *Commonwealth*, 326 Mass. 413, 414-415 (1950). We hold that in these two cases he did not.

It appears from the petitions that both petitioners were indicted for the offense of murder and were brought to trial on February 5, 1976. Both petitioners, after discussions between their court-appointed counsel and the prosecutor, entered pleas of guilty to manslaughter and were sentenced by the trial judge to terms of not less than eighteen years nor more than twenty years. The petitioners assert that imposition of these sentences violated their due process and equal protection rights under the Federal Constitution on the grounds that a "plea bargain" had been made between their counsel and the prosecutor to the effect that the prosecutor would recommend that the judge impose sentences of eight to fifteen years. The petitioners thus claim: (1) that they were "entitled to either have the plea-bargain[s] honored [by the judge] or be given an opportunity to withdraw [their] guilty plea[s] since [they] would not have pleaded guilty if [they] had known that the promise would not be kept." They also claim: (2) that the prosecutor reneged on his plea bargain, thereby violating the petitioners' rights;[2] and (3) that they were denied effective assistance of counsel because their court-appointed trial counsel failed to explain certain elements of the charges against them, the availability of certain defenses, the burden of proof imposed on the Commonwealth, and the consequences of pleading guilty with regard to the waiver of certain constitutional rights.

---

[2] The petitioners do not claim that the prosecutor violated his agreement to recommend the lesser sentence to the judge. Rather, they claim that the prosecutor recommended at a subsequent hearing, apparently before the Appellate Division of the Superior Court, see G. L. c. 278, § 28A, that the greater sentences imposed by the judge not be disturbed. It is in this failure to continue to urge imposition of a lesser sentence at the appellate level that the petitioners find a breach of the bargain. However, there is no indication in the record that there was ever an agreement, express or implied, regarding continued support for a lesser sentence, nor is there any indication of what transpired at the subsequent hearing.

We do not reach the merits of arguments (2) or (3) for several reasons. We note initially that the record before this court is totally inadequate and falls far short of presenting the minimum material necessary for a proper consideration of the issues. See *Delle Chiaie* v. *Commonwealth*, 367 Mass. 527, 529 (1975); *Delle Chiaie* v. *Commonwealth*, 353 Mass. 771, 772 (1968). See also *Farrell* v. *Commonwealth*, 362 Mass. 857 (1972). The following crucial facts, among others, do not appear in the record: The terms of any plea bargain that might have been agreed to by the prosecutor and the defense counsel; what statements were made, or actions taken, by the judge at the time the guilty pleas were made and accepted; what statements or representations were made by the prosecutor; what statements were made, or information conveyed, by defense counsel to their clients prior to the entry of the guilty pleas. Moreover, the constitutional arguments raised by the petitioners are based on factual questions that are best left for resolution in the first instance by the trial judge on a motion for new trial. See *Commonwealth* v. *Penrose*, 363 Mass. 677, 680-681 (1973) (attack on validity of guilty plea); *Lamoureux* v. *Commonwealth*, 362 Mass. 880 (1972); *Earl* v. *Commonwealth*, 356 Mass. 181, 183 (1969). See G. L. c. 278, § 29.[3]

We consider now the first argument raised by the petitioners — that they were entitled either to have the alleged plea bargain honored by the judge or to have an opportunity to withdraw their guilty pleas once the judge decided not to impose sentence in conformity with the agreement. This very contention was considered and rejected in the recent

---

[3] There is an indication in the petitioners' combined brief that they filed a motion to withdraw their guilty pleas and that a hearing was held on the motion before the judge. According to the brief, the motion was filed on February 16, 1977 — more than one year after the guilty pleas were accepted and sentences imposed — and was denied by the judge on April 5, 1977. See G. L. c. 278, § 29C (Superior Court judge may, within sixty days after imposing sentence, revise or revoke sentence and may permit withdrawal of guilty plea). The actions of the judge with regard to any such motion are not before us. Cf. *Commonwealth* v. *Taylor*, 370 Mass. 141 (1976).

case of *Commonwealth* v. *Taylor*, 370 Mass. 141, 145-146 (1976). The single justice was therefore clearly exercising sound discretion in concluding, as he apparently did, that this argument too raised no reasonable possibility that an error of substance had occurred. See *McGarty* v. *Commonwealth, supra* at 414.

We find no abuse of discretion on the part of the single justice in these cases.

*Judgments affirmed.*