COMMONWEALTH *vs.* CARMEN SANTINO ZEZIMA. November 6, 1980. The defendant's convictions of second degree murder (on an indictment charging murder in the first degree) and of other crimes were affirmed by the Supreme Judicial Court, which determined pursuant to its powers under G. L. c. 278, § 33E, that consideration of the whole case revealed no basis for ordering a new trial or for directing the entry of a lesser verdict of guilt. *Commonwealth* v. *Zezima*, 365 Mass. 238, 242-243 (1974). Thereafter, in 1979, the defendant again moved for a new trial, claiming errors in the jury instructions of constitutional dimensions. The denial of that motion is the subject of this appeal. The defendant argues that the trial judge's instructions to the jury were rendered defective by (1) a failure to place the burden of establishing the absence of self-defense on the Commonwealth and (2) use of a presumption in discussing malice which operated to shift the burden of proof from the prosecution, relieving it of proving an essential element of the crime of murder.

General Laws c. 278, § 33E, has since 1939 (St. 1939, c. 341) provided as to motions for a new trial filed after rescript in capital cases that no appeal will lie from the denial of such a motion "unless the appeal is allowed

by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by [an appellate] court." Capital cases which have been once reviewed on direct appeal have already undergone appellate scrutiny on the question of a possible miscarriage of justice. Thus the appellate judge who performs the screening under § 33E is empowered to decline further review on questions which lack demonstrated merit, thereby obviating time consuming and groundless additional appeals. Despite recent amendments to § 33E redefining the term "capital crime" (St. 1979, c. 346, § 2), the quoted provision applies to the instant appeal (*Commonwealth* v. *Davis,* 380 Mass. 1, 12-17 [1980]), and it is unquestioned that this defendant has failed to obtain the necessary approval from a single justice to pursue the appeal. Enforcing compliance with the statute in this case is particularly apt because cases discussing claims of error similar to those raised in this case cast considerable doubt on whether this appeal presents any substantial question that ought to be reviewed by an appellate panel. From the record before us, it appears that the evidence did not require any instructions on self-defense or provocation beyond those given (*Commonwealth* v. *Rodriguez,* 370 Mass. 684, 687-689 [1976]; *Commonwealth* v. *Harrington,* 379 Mass. 446, 450 [1980]; *Commonwealth* v. *Deeran, ante* 646, 648-649 [1980] and cases cited); that the charge properly placed the burden of establishing the essential elements of each crime charged on the Commonwealth; that the jury were adequately informed on the permissible verdicts they could return; and that the extensive instructions on malice, despite the reference to a presumption, accurately stated the law on that element and permitted the jury "to find malice . . . not by virtue of any presumption of law but rather by the exercise of [their] right and power to draw any reasonable, though not necessary, inference from all the circumstances of the homicide committed by the defendant." *Commonwealth* v. *McInerney,* 373 Mass. 136, 149-150 (1977). See *Lannon* v. *Commonwealth,* 379 Mass. 786, 792-793 (1980); *Commonwealth* v. *Medina,* 380 Mass. 565, 577-578 (1980); *Commonwealth* v. *Fitzgerald,* 380 Mass. 840, 845-846 (1980). See also *Gagne* v. *Meachum,* 602 F.2d 471 (1st. Cir. 1979); *McInerney* v. *Berman,* 621 F.2d 20 (1st. Cir. 1980). Contrast *DeJoinville* v. *Commonwealth,* 381 Mass. 246, 253-254 (1980).

*Appeal dismissed.*

*Ralph C. Martin, II,* for the defendant.
*Philip T. Beauchesne,* Assistant District Attorney (*Michael J. Traft,* Assistant District Attorney, with him) for the Commonwealth.