George McLAUGHLIN, Petitioner,

v.

Harold GABRIEL, Respondent.

Civ. A. No. 82–1202–MC.

United States District Court,
D. Massachusetts.

May 18, 1983.

George McLaughlin, pro se.

Lois M. Lewis, West Newton, Mass.
(court-appointed), for petitioner.

Paula DeGiacomo, Asst. Atty. Gen., Boston, Mass., for respondent.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

Following a jury trial in 1965, the petitioner was convicted of murder in the first degree and of unlawfully carrying a firearm. That conviction was affirmed by the Massachusetts Supreme Judicial Court. *Commonwealth v. McLaughlin,* 352 Mass. 218, 224 N.E.2d 444, *cert. denied sub nom., McLaughlin v. Massachusetts,* 389 U.S. 916, 88 S.Ct. 250, 19 L.Ed.2d 268 (1967). Petitioner's motion for a new trial was denied in December of 1970, and that denial was affirmed by the Supreme Judicial Court. *Commonwealth v. McLaughlin,* 364 Mass. 211, 303 N.E.2d 338 (1973).

In June of 1980, the petitioner filed another motion for a new trial, which was denied in December, 1980. The petitioner's motion for leave to appeal that ruling was denied by a single justice of the Supreme Judicial Court.

In October of 1971, petitioner filed a *pro se* petition for a writ of habeas corpus raising a number of claims. On September 25, 1972, Magistrate Princi issued a recommendation that the petition be dismissed. In January of 1974, after the Supreme Judicial Court had affirmed the denial of petitioner's first motion for a new trial, the petitioner amended his petition, raising only two claims. The petitioner was represented by appointed counsel at this time. That amended petition was denied in 1974, and the denial was affirmed on appeal. *McLaughlin v. Vinzant,* 522 F.2d 448 (1st Cir.), *cert. denied,* 423 U.S. 1037, 96 S.Ct. 573, 46 L.Ed.2d 412 (1975).

In his current habeas corpus petition, the petitioner contends that his constitutional rights were violated by (1) certain of the instructions to the jury, (2) the prosecution's delayed disclosure of exculpatory evidence, (3) comments and bias of the trial judge, (4) the prosecutor's comments in his

closing argument, and (5) his illegal arrest, the illegal seizure of evidence, and by introduction of irrelevant evidence.

At a hearing on this matter, the respondent sought dismissal of the petition and petitioner argued for allowance of his petition.

## I.

■ The petitioner makes several challenges to the instructions given by the trial judge. None of those challenges was raised at trial, by way of objection, or on appeal. The fact that the single justice discussed to some extent the merits of petitioner's contentions does not alter the state court finding that the issues which petitioner now seeks to raise were waived by petitioner's failure to object at trial or to raise them on appeal.

Since that is the case, this court is barred from considering the merits of the petitioner's claims unless he can demonstrate both cause and prejudice under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Since petitioner has not met that burden with regard to any of the challenged instructions, these claims must be dismissed.

Assuming, *arguendo,* that the petitioner could meet the cause and prejudice requirements, I would decline to grant habeas corpus relief on the jury instruction issues. I have reviewed the entire charge to the jury, and I find it, as a whole, to be constitutionally sound. The petitioner was not deprived of any constitutional right by the trial judge's instructions to the jury.

## II.

As the petitioner concedes in his reply memorandum, the remaining issues were presented in his 1971 habeas corpus petition. (See Reply Memorandum For The Petitioner, p. 9).

With the exception of two of petitioner's claims in his 1971 petition, all of the remaining issues had been presented to the state courts and the petitioner had exhausted his state remedies on those issues. The other two claims were ruled upon by the Supreme Judicial Court in its 1973 opinion affirming the denial of petitioner's first motion for a new trial. Thus, by 1974, when the petitioner filed his amended petition which raised only two grounds for relief, he had exhausted his state remedies on all of the remaining claims and had already made them the basis for his 1971 petition.

■ Clearly then, at the time petitioner filed his amended petition in 1974, he was aware of the facts on which the remaining claims are based and he knew that those facts might constitute a basis upon which habeas corpus relief could be granted. His raising of those claims in the petition which is now before the court constitutes an abuse of the writ.

■ Rule 9(b) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, permits dismissal of a second or successive petition if the petitioner's failure to assert the grounds in a prior petition constituted an abuse of the writ. Such is the case here. Deliberate withholding of a claim or inexcusable neglect are abuses of the writ and cause for dismissal. *See Sanders v. United States,* 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963); *Paprskar v. Estelle,* 612 F.2d 1003, 1006 (5th Cir.1980).

Petitioner's actions in this case do amount to an abuse of the writ and the claims not disposed of in Part I, *supra,* must be dismissed.

## III.

For the foregoing reasons, respondent's motion to dismiss is ALLOWED.