George McLAUGHLIN, Petitioner,
Appellant,

v.

Harold GABRIEL, etc., Respondent,
Appellee.

No. 83–1413.

United States Court of Appeals,
First Circuit.

Argued Nov. 9, 1983.

Decided Jan. 27, 1984.

Lois M. Lewis, West Newton, Mass., by appointment of the Court, for petitioner, appellant.

Paula J. DeGiacomo, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bel-

lotti, Atty. Gen., Frederick W. Riley, Chief, Criminal Bureau, and Barbara A.H. Smith, Chief, Criminal Appellate Division, Boston, Mass., were on brief, for respondent, appellee.

Before CAMPBELL, Chief Judge, RO-SENN,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

Petitioner, George McLaughlin, brought a federal habeas corpus application in the United States District Court for the District of Massachusetts. The district court, 562 F.Supp. 901, dismissed the petition on the grounds that 1) *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), barred the presentation of the first claim and 2) raising the remaining issues now constitutes an "abuse of the writ." We affirm the dismissal.

I

McLaughlin was found guilty in 1965 of murder in the first degree and unlawfully carrying a firearm. The Supreme Judicial Court of Massachusetts affirmed the conviction. *Commonwealth v. McLaughlin,* 352 Mass. 218, 224 N.E.2d 444 (1967), *cert. denied sub nom. McLaughlin v. Massachusetts,* 389 U.S. 916, 88 S.Ct. 250, 19 L.Ed.2d 268 (1967). In 1970 the trial court denied a motion for new trial. The Supreme Judicial Court affirmed the denial. *Commonwealth v. McLaughlin,* 364 Mass. 211, 303 N.E.2d 338 (1973). In the meantime, petitioner filed in October 1971 a *pro se* habeas corpus petition raising numerous claims. After the Supreme Judicial Court affirmed the denial of his motion for new trial, petitioner, who at that time was represented by counsel, amended his habeas corpus application deleting all claims but two. This petition was denied, and the denial affirmed by this court. *McLaughlin v. Vinzant,* 522 F.2d 448 (1st Cir.), *cert. denied,* 423 U.S. 1037, 96 S.Ct. 573, 46 L.Ed.2d 412 (1975). In June 1980 petitioner filed a second motion for a new trial. This motion was de-

*Of the Third Circuit, sitting by designation.

nied in December 1980 and affirmed by a single justice of the Supreme Judicial Court in accordance with the provisions of Mass. Gen.Laws ch. 278, § 33E [hereinafter cited as § 33E]. Petitioner then filed the present federal habeas corpus petition.

II

■ Petitioner first claims that the jury instructions failed properly to define the elements of the crime charged and unconstitutionally shifted the burden of proof. Petitioner did not object to the challenged instructions at trial. He also failed to raise his claim on direct appeal. He first presented his objection in his second motion for new trial which was denied by the trial court and the denial affirmed by a single justice of the Supreme Judicial Court.

The district court noted that under *Wainwright v. Sykes, supra,* petitioner's failure to object at trial barred presentation of his claim in a federal habeas corpus application. In *Wainwright* the Supreme Court held that failure to object as required by a state's contemporaneous objection rule constitutes an adequate and independent state ground which bars consideration of the claim in a federal habeas corpus petition unless petitioner shows 'cause and prejudice.' Massachusetts possesses a "contemporaneous objection" rule. A defendant normally cannot challenge an allegedly defective charge unless he has objected to the specific instruction at trial. *Commonwealth v. Fluker,* 377 Mass. 123, 131, 385 N.E.2d 256, 261 (1979). Of course, since the purpose of the *Wainwright* rule is "to accord appropriate respect to the sovereignity of the states in our own federal system," *Ulster County v. Allen,* 442 U.S. 140, 154, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979), if the Commonwealth courts do not enforce the state's contemporaneous objection rule, *Wainwright* is inapplicable. *See, e.g., Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). Petitioner here argues that because the single justice of the Supreme Judicial Court examined his

claims, the state did not enforce its contemporaneous objection rule; hence *Wainwright* does not apply. We disagree.

Section 33E is a special provision dealing with capital cases. The part of the section at issue here reads:

> After the entry of the appeal in a capital case and until the filing of the rescript by the supreme judicial court motions for a new trial shall be presented to that court and shall be dealt with by the full court, which may itself hear and determine such motions or remit the same to the trial judge for hearing and determination. *If any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court.*

Mass.Gen.Laws ch. 78, § 33E (emphasis added).

In making the determination called for by this section, the single justice does not make a decision directly on the merits of any claim. He examines the claims to decide whether there exists a "new and substantial question which ought to be determined by the full court." Massachusetts courts have referred to this provision as a "gatekeeper" provision, *Leaster v. Commonwealth*, 385 Mass. 547, 432 N.E.2d 708, 709 (1982), under which the judge is "screening to decline further review on questions which lack demonstrated merit." *Commonwealth v. Zezima*, 10 Mass.App. 919, 412 N.E.2d 359, 360 (1980); *see also Gibney v. Commonwealth*, 375 Mass. 146, 149, 375 N.E.2d 714, 716 (1978). If the single justice determines that the question ought to be reviewed by the full court, the court's review is limited to a decision of whether a "substantial likelihood of a miscarriage of justice has occurred." *Commonwealth v. Pisa*, 384 Mass. 362, 425 N.E.2d 290, 291 (1981) ("Since no objection to the charge was lodged at trial, the question is whether the instructions read as a whole created a substantial likelihood of a miscar-

riage of justice.") We have previously held that full court review of this sort does not automatically "waive" the state's "contemporaneous objection rule" or avoid the bar of *Wainwright* because the state court in conducting it, does not ordinarily seek to determine federal constitutional questions, but rather makes a determination of state law, namely, whether there has been a substantial likelihood of a miscarriage of justice. *Gibson v. Butterworth*, 693 F.2d 16, 17 (1st Cir.1982); *McCown v. Callahan*, 726 F.2d 1 (1st Cir.1984). Consequently, a screening decision by a single justice, which merely decides *whether* the full court should review the case to determine the state question of law does not waive the 'contemporaneous objection' rule *a fortiori*. We have reviewed the opinion of the single justice here and find nothing special in it that might justify a different result. Thus, *Wainwright* applies to this case.

Petitioner argues that he nonetheless escapes *Wainwright's* strictures because he can prove 'cause and prejudice' for not objecting. In his brief to this court petitioner forcefully argues the existence of 'prejudice.' Yet we can nowhere find any valid 'cause' for his not having objected. The issues he raises in this portion of his petition present no radically new constitutional claim; the basic legal principles were well established at the time of trial. *See, e.g., Speiser v. Randall*, 357 U.S. 513, 525–26, 78 S.Ct. 1332, 1341–42, 2 L.Ed.2d 1460 (1958) (imposing on government burden of proving all elements of offense beyond reasonable doubt); *Holland v. United States*, 348 U.S. 121, 138, 75 S.Ct. 127, 136, 99 L.Ed. 150 (1954) (same); *Leland v. Oregon*, 343 U.S. 790, 795, 72 S.Ct. 1002, 1005, 96 L.Ed. 1302 (1952) (same). Indeed, petitioner's brief on appeal does not address the question of cause. Since *Wainwright* requires a showing of *both* cause and prejudice, 433 U.S. at 87, 97 S.Ct. at 2506, petitioner is barred from presenting his claim in a federal habeas corpus petition.

## III

The district court found that all the remaining grounds of the petition were origi-

nally presented in petitioner's 1971 application and by 1973 had been exhausted. Thus, the court further noted, by 1974, when petitioner amended his petition and excluded these grounds, they were all available to be presented. Petitioner's decision not to present these grounds in 1974, but presenting them now, it held, constituted an "abuse of the writ."

Petitioner does not attack the factual findings of the district court. In fact, in his reply memorandum to the motion to dismiss he concedes that his remaining grounds were presented in 1971. Petitioner's only contention here is that he was not given an opportunity to contest the suggestion that he abused the writ; he adds that if he had the opportunity he could have shown that there was no "abuse."

■ Rule 9(b) of the rules governing § 2254 cases in the United States District Court reads:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, *if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.*

28 U.S.C.A. following § 2254 (emphasis added). "Abuse of the writ" is an affirmative defense that must be pleaded by the government. *Sanders v. United States,* 373 U.S. 1, 10, 83 S.Ct. 1068, 1074, 10 L.Ed.2d 148 (1963); *Price v. Johnston,* 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948); Advisory Committee Note to Rule 9(b), reprinted following 28 U.S.C.A. § 2254. Once a particular abuse has been alleged the prisoner has the burden of answering and of proving that he has not abused the writ. *Price v. Johnston,* 334 U.S. at 292, 68 S.Ct. at 1063. *See also Potts v. Zant,* 638 F.2d 727, 747 (5th Cir.), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981); *Mays v. Balkcom,* 631 F.2d 48, 51 (5th Cir.1980). Hence, to permit the petitioner to meet his burden of proving that he has not abused the writ, he should

be allowed "an opportunity to explain his apparent abuse." Advisory Committee Note to Rule 9(b), reprinted following 28 U.S.C.A. § 2254; *see also Haley v. Estelle,* 632 F.2d 1273, 1276 (5th Cir.1980).

It appears to us that petitioner had an adequate opportunity to explain. The government amended its answer to plead "abuse of. writ" as an affirmative defense; petitioner (represented by counsel) was then on notice as to the need to explain; and petitioner was subsequently given time to brief issues not argued originally. He did not address the issue in his supplementary brief; he presented to the district court no excuse for not having done so (nor does he now on appeal); he did not ask the district court for a further opportunity to explain. In fact, his "explanations" contained in his brief on appeal simply suggest that he lacks a sufficient defense to a claim of "abuse."

■ The merits of the "abuse" claims are primarily for the district court. *See Sanders v. United States,* 373 U.S. at 18, 83 S.Ct. at 1078. And, the district court's decision here is well within its powers. The writ of habeas corpus is abused if the petitioner deliberately withheld a ground in a previous petition or was inexcusably neglectful in not presenting it. *Sanders v. United States,* 373 U.S. at 18, 83 S.Ct. at 1078; *Jones v. Estelle,* 692 F.2d 380, 385 (1982); *McShane v. Estelle,* 683 F.2d 867, 869–70 (5th Cir.1982); *Vaughan v. Estelle,* 671 F.2d 152, 153 (5th Cir.1982); *Haley v. Estelle,* 632 F.2d at 1275; *Paprskar v. Estelle,* 612 F.2d 1003, 1006 (5th Cir.1980). Conversely, the writ is not abused if, for example, "the petitioner's unawareness of facts which might support a habeas corpus application is excusable, or if his failure to understand the legal significance of the known facts is justifiable." *Vaughan v. Estelle,* 671 F.2d at 153; *see also McShane v. Estelle,* 683 F.2d at 870; *Mays v. Balkcom,* 631 F.2d at 51. The claims now at issue were originally included in petitioner's previous application. Thus, he must have been aware of the facts; and he or his counsel must have considered whether they

offered grounds for habeas corpus relief. When, as here, the government met its burden of pleading the defense of abuse of the writ, an adequate opportunity was afforded to petitioner to excuse his apparent abuse, the claims were available to be presented in the previous application, it appears that petitioner previously considered whether those claims might offer grounds for habeas corpus relief, and petitioner fails to come forward to explain his reasons for not presenting his claims previously, a dismissal for abuse of the writ is appropriate. *See Johnson v. Copinger,* 420 F.2d 395, 399–400 (4th Cir.1969).

The judgment of the district court is *Affirmed.*