**Frederick STOREY, Jr., Petitioner, Appellant,**

v.

**Joseph PONTE, et al., Respondents, Appellees.**

**No. 83-1920.**

United States Court of Appeals, First Circuit.

Argued April 2, 1984.

Decided May 30, 1984.

Stephen W. Silverman, Springfield, Mass., by appointment of the Court, for petitioner, appellant.

Paula J. DeGiacomo, Asst. Atty. Gen., Concord, Mass., with whom Francis X. Bellotti, Atty. Gen., Frederick W. Riley, Chief, Criminal Bureau, and Barbara A.H. Smith, Chief, Criminal Appellate Div., Boston, Mass., were on brief, for respondents, appellees.

Before COFFIN and ALDRICH, Circuit Judges, and BONSAL,* Senior District Judge.

COFFIN, Circuit Judge.

█ This appeal from a denial of a petition for habeas corpus seeks to present two claims. The first is whether certain unobjected-to portions of the state prosecutor's closing argument violated petitioner's constitutional rights. Petitioner did not raise this federal constitutional issue in his initial state appeal. There he confined himself to arguing the propriety of the closing argument under state law. The Massachusetts Supreme Judicial Court enforced its contemporaneous objection rule but, this being a capital case, reviewed the allegedly prejudicial statements to determine if a miscarriage of justice had occurred, and found none. *Commonwealth v. Storey*, 378 Mass. 312, 323, 391 N.E.2d 898 (1979). Subsequently petitioner raised the federal constitutional issue in a motion for new trial that was denied by a justice of the Superior Court. A Justice of the Supreme Judicial Court denied leave to appeal. This fact pattern falls clearly within *McLaughlin v. Gabriel*, 726 F.2d 7, 8-9 (1st Cir. 1984), in which we held that even a grant of leave to appeal, or, beyond that, consideration under Rule 33A by the full court, would not constitute waiver of the procedural default by the state. Since the petitioner has failed to show "cause" for and "prejudice" from his procedural default, he is barred from pressing this claim in a federal habeas corpus petition. *Wain-*

* Of the Southern District of New York, sitting by designation.

*wright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Petitioner's second claim is that he was denied due process when the Supreme Judicial Court requested and obtained from the parties a statement not contained in the record of the case, which had been given to the police by a witness. We consider (1) the facts as developed at trial, (2) the circumstances relevant to the obtaining of the statement by the Supreme Judicial Court, (3) whether we are barred from considering the issue on the merits by "procedural default", and (4) whether this issue on the merits shows that petitioner was prejudiced. We find he was not.

Petitioner was convicted of first degree murder. One of the witnesses called to testify at trial, Flack, had given a statement to police identifying petitioner fleeing from the scene of the crime. The prosecutor in his opening had told the jury that he would produce a witness who would identify the man he saw fleeing from the deceased's apartment. On direct examination Flack went so far as to describe the fleeing man's color, weight, long sideburns, and "medium afro" hair style, but, not having seen his face, testified that he could not say he knew the man's identity. Flack also testified that he had given a statement to the police. In answer to a question from the prosecutor, he stated that he had previously identified the man he had seen. Upon a defense objection, this answer was stricken. After consultation during a recess, the defense decided not to cross-examine.

In closing argument, defense counsel called on the prosecutor to make good his "contract", that is, to show that he had proven everything he had promised he would prove. The prosecutor took up the challenge, admitted his "default", his failure to produce a witness identifying petitioner as the man who fled the crime scene, but referred to Flack's admissions both that he had given a statement and that he had named the man. The latter admission of course, had been stricken. But there

was no objection at any time to the prosecutor's argument by defense counsel.

The case was appealed to the Supreme Judicial Court where oral argument focused on the propriety of the prosecutor's closing argument at trial. Subsequently, the Chief Justice, noting that reference had been made to the statement that the witness had given the police, requested an "agreed copy". Defense counsel, "to avoid any confusion", wrote that the statement had never been introduced in evidence but that "if the Court still wishes to see the statement, I will be happy to cooperate with the District Attorney's office and provide an agreed copy". The Chief Justice acknowledged this letter and the fact that the statement had never been in evidence, but wrote that the Court still wanted the copy "for the purposes of reaching the most just and fair result in this case". Defense counsel then wrote that he would cooperate but informed the court that the same witness had given a statement to defense counsel consistent with his testimony that he could not identify the man he had seen leaving the scene.

The Court, in its opinion, dealt with the charge that the prosecutor had suggested facts not in the record—concededly improper under Massachusetts law—saying that the prosecutor's statement was "based essentially on [the witness's] own trial testimony", that the witness had in fact signed a statement identifying an individual (a fact not of record), and that the prosecutor was trying simply to defend his credibility. In a footnote, the Court referred to having examined the statement "by agreement of the parties" and concluded that the prosecutor could reasonably have expected an in-court identification.

The Commonwealth argues that we cannot properly consider this due process challenge, reasoning that procedural default at the appellate level—i.e., the failure to articulate any federal constitutional claim in protesting any reliance on the out-of-court statement—bars our consideration of the merits. The Commonwealth may be proven correct. The Supreme Court has recent-

**628**

ly entertained argument on this issue. *Reed v. Ross*, 704 F.2d 705 (4th Cir.1983), *cert. granted*, — U.S. —, 104 S.Ct. 523, 78 L.Ed.2d 707 (1983), aff'd, — U.S. —, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). We have so far avoided taking a stand, *Jackson v. Amaral*, 729 F.2d 41 at 44–5 (1st Cir.1984), and are particularly reluctant to do so in this case, which is almost sui generis. The Supreme Judicial Court itself, sua sponte, requested the statement. In such a situation we can understand that sensitive and respectful defense counsel would not lightly argue that their top judicial body on its own initiative is violating the federal constitution. Nevertheless, as this issue demonstrates, prudence and a sense of the necessity for independent roles dictate that in this as in many other instances in the course of litigation, counsel must be prepared, tactfully but clearly, to register an objection so that the court may have an opportunity to reconsider.

■ Reaching the merits, we think it clear that the Supreme Judicial Court's review of Flack's out-of-court, not-in-evidence statement could not in these circumstances have prejudiced petitioner. We cannot conceive of any advantage which confrontation of the out of court declarant would have given. The declarant as a witness had already repudiated the identification by his in-court testimony; dwelling on the repudiation in cross examination would not have basically altered the record. Indeed, having read the statement given by the witness to defense counsel, we suspect that further cross-examination would only have diluted the force of the witness's in-court refusal to make a positive identification.

It may well have been that the Supreme Judicial Court was concerned that despite the absence of any constitutional error the prosecutor might have engaged in improper tactics. *See Commonwealth v. Storey*, 378 Mass. 312, 324–25, 391 N.E.2d 898 (1979). If the prosecutor had questioned Flack about his prior identification without any foundation, there would have been a serious problem of prosecutorial misconduct—a matter of interest to the court in its supervisory capacity. Even though the stricken answer would seem to preclude this possibility, the Supreme Judicial Court apparently wanted to see if the non-record statement indicated a lack of justification. Although such a purpose is understandable, such a request for extra-record materials is, as this case illustrates, likely to create an issue.

*Affirmed.*