<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 United States Court of Appeals
                     For the First Circuit
                      ____________________

No. 98-1924

                        PEDRO F. TORRES,

                          Petitioner,

                               v.

                        LARRY E. DUBOIS,
                       SCOTT HARSHBARGER,

                          Respondents.

                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF MASSACHUSETTS

        [Hon. Reginald C. Lindsay, U.S. District Judge]

                      ____________________

                             Before

                    Torruella, Chief Judge,

Aldrich and Cudahy, Senior Circuit Judges.

                     _____________________

    Brownlow M. Speer, Committee for Public Counsel Services,
Public Defender Division, was on brief, for petitioner.
    Susanne Levsen, Assistant Attorney General, Criminal Bureau,
with whom Scott Harshbarger, Attorney General, was on brief, for
respondents.

                      ____________________

                      ____________________

        TORRUELLA, Chief Judge.  Plaintiff-appellant Pedro F.
Torres ("Torres") filed this petition for writ of habeas corpus
under 28 U.S.C.  2254.  The sole issue before us is whether the
jury instructions in Torres's state court murder trial violated his
due process rights by impermissibly shifting the burden of proof.  
Like the district court before us, we find that the jury
instructions did not violate Torres's due process rights under the
Fourteenth Amendment, and we therefore affirm the district court's
dismissal of the petition for writ of habeas corpus.
                           BACKGROUND
        The events that led to the murder charge in this case are
detailed in the prior decision of the Supreme Judicial Court of
Massachusetts ("SJC").  See Commonwealth v. Torres, 651 N.E.2d 360
(Mass. 1995).  In brief, during the evening of December 14, 1990,
the defendant and his sister went to visit an individual who
resided in a second-floor apartment over the Harborview Caf, a bar
located in New Bedford.  Shortly after midnight, the defendant's
sister and another woman went downstairs to purchase beer at the
bar.  When the sister returned, she told the defendant that the
victim, Jos Fernndes, had bothered her while she was in the bar.
The defendant then entered the bar and confronted the victim.  The
two men stepped outside and began to argue about improper remarks
the victim allegedly had made to the defendant's sister.  After the
defendant pushed him, Fernndes pulled a knife from his rear
pocket, placed it on the ground, and challenged the defendant to
fight "man to man."  The defendant indicated that he did not want
to fight.  Fernndes, the defendant, and his sister then returned
to the bar.
        Shortly thereafter, Fernndes displayed the knife again
and started to threaten the defendant's sister.  The bartender
yelled at Fernndes to stop, and Fernndes put away the knife.  The
defendant then pulled out a gun and fired three shots at Fernndes.  
The first shot, fired from a range of six to eighteen inches, hit
the victim in the face.  The other two shots entered the victim's
back.  When the defendant realized that the bartender had
telephoned the police, he ran out of the bar.  He and his sister
telephoned a taxi and returned home, where the defendant ate dinner
and went to sleep.
        Later that morning, an officer with the New Bedford
police department arrested the defendant and transported him to the
police station.  On route to the station, the defendant asked the
officer whether the victim had died.  When the officer did not
respond, the defendant asked whether the victim had "died right
away, or did he talk to you cops."  The officer advised the
defendant of his Miranda rights and told him that if he wished to
speak with the officer, he could do so at the police station.  The
defendant then stated that he wished to speak with the officer
about the incident, and that the victim "had no respect and
deserved what he got."  At the station, the officer booked the
defendant and again advised him of his Miranda rights.  The
defendant then gave a statement.  He claimed that the victim had a
knife when the two men had been standing outside the bar.  Once
inside the bar, the defendant heard Fernndes threaten his sister.  
The sister shoved the victim, and the victim responded by pushing
her in the face with his hand.  At this point, the defendant walked
over to Fernndes and shot him in the face.  When Fernndes tried
to run away, the defendant pursued him and shot him twice in the
back.  The defendant agreed to repeat this statement and have it
videotaped.  The videotape was admitted in evidence and viewed by
the jury.
        The defense offered no evidence, conceding the homicide
and defending solely on a theory of manslaughter, rather than
murder in the first degree by deliberate premeditation, as the
prosecution claimed.  The jury convicted the defendant of
premeditated murder in the first degree, and the trial judge
sentenced him to life imprisonment.
        Torres appealed, asserting several alleged errors in the
judge's instructions to the jury.  The Supreme Judicial Court  
affirmed his conviction,  see id., and Torres brought this petition
for writ of habeas corpus in the district court for the district of
Massachusetts.  The district court found that the jury instructions
did not violate Torres' due process rights.  However, the district
court issued a certificate of appealability on the issue of whether
the trial judge's jury instructions improperly shifted the burden
of proof.  This appeal ensued.

                           DISCUSSION
I.  Procedural Default
        Federal habeas review is precluded if the state court
reached its decision on an adequate and independent state-law
ground when affirming Torres's conviction.  See Burks v. DuBois, 55
F.3d 712, 716 (1st Cir. 1995) (citing Coleman v. Thompson, 501 U.S.
722, 729 (1991); Harris v. DuBois, 489 U.S. 255 (1989); and Ortizv. DuBois, 19 F.3d 708, 714 (1st Cir. 1994)).  One such ground in
this case may be Massachusetts' "contemporaneous objection" rule.  
Commonwealth v. Fluker, 385 N.E.2d 256 (Mass. 1979) (failure to
object specifically to trial deficiency "precludes appellate
review");  see also McLaughlin v. Gabriel, 726 F.2d 7, 8 (1st Cir.
1984) (in Massachusetts, "defendant normally cannot challenge an
allegedly defective charge unless he has objected to the specific
instruction at trial").  Torres did not object to the giving of the
contested jury instruction at trial.
        We normally find a waiver of this state ground where the
state courts, after reviewing a conviction, affirm it, not on the
basis of the "contemporaneous objection rule," but on the basis of
their own analysis of federal law.  See Puleio v. Vose, 830 F.2d
1197, 1200 (1st Cir. 1987) (waiver only occurs if court reaches  
"gist of the federal constitutional question"); McCown v. Callahan,
726 F.2d 1, 3 (1st Cir. 1984) (waiver if Supreme Judicial Court
conducts "detailed examination of federal law and federal cases
. . . necessary to decide a specific question of federal law").  
Sometimes it is difficult to determine whether or not the state
courts have relied on the "contemporaneous objection rule," or on
their view of federal law, particularly where, as here, the state
Supreme Judicial Court exercised its special statutory power to
review verdicts in capital cases, see Mass. Gen. Laws ch. 278,
33E, in order to determine whether there was a "substantial risk
of a miscarriage of justice."  This special discretionary review,
in a sense, always overlooks a failure to raise an objection at
trial, but it does so only in the context of applying a specially
stringent standard of review.  See  Doucette v. Vose, 842 F.2d 538,
539 (1st Cir. 1988).  We have held that the mere fact that the
Supreme Judicial Court engages in such review does not
automatically waive -- for federal habeas purposes -- its "adequate
state  ground."  Id.  Nonetheless, if, in the course of such
review, the Supreme Judicial Court makes reasonably clear that its
reasons for affirming a conviction rest upon its view of federal
law, we will find a waiver.  See id.  That is the case here.  In
our view, the Supreme Judicial Court reached, and decided, the
federal issue.
        Because it may be useful for the reader to see the kind
of state court discussion that will lead us to find a waiver, and
because the discussion clearly explains the federal law issue, we
set forth that discussion in full:
        c. Reasonable provocation instruction.  The
        defendant next asserts that, because the judge
        mingled correct with incorrect instructions
        regarding the mitigating circumstance of heat
        of passion, without any explanation of the
        "constitutionally infirm" instructions, the
        portion of the charge addressing "reasonable
        provocation" denied the defendant his
        Fourteenth Amendment due process rights.  We
        agree that the judge misstated the law when he
        instructed that "in order to prove the
        defendant guilty of voluntary manslaughter,
        the Commonwealth must prove . . . [that] the
        defendant injured the victim as a result of a
        sudden combat or in the heat of passion."
        Nevertheless, we conclude that the error did
        not violate the  defendant's Federal due
        process rights, nor did it create a
        substantial likelihood of a miscarriage of
        justice.

      The due process clause of the Fourteenth
    Amendment to the United States Constitution
    "protects the accused against conviction
    except upon proof beyond a reasonable doubt of
    every fact necessary to constitute the crime
    with which he is charged."  Francis v.
    Franklin, 471 U.S. 307, 313 (1985), quoting In
    re Winship, 397 U.S. 358, 364 (1970).  This
    fundamental principle prohibits a judge from
    using "evidentiary presumptions in a jury
    charge that have the effect of relieving the
    State of its burden of persuasion beyond a
    reasonable doubt of every essential element of
    a crime." Francis v. Franklin, supra.  See
    Sandstrom v. Montana, 442 U.S. 510, 520-524
    (1979); Commonwealth v. Lykus, 406 Mass. 135,
    143 (1989).  In order to determine whether a
    jury instruction fails to meet constitutional
    muster, a reviewing court first must focus on
    the specific language challenged.  California
    v. Brown, 479 U.S. 538, 541 (1987), citing
    Francis v. Franklin, supra at 315.  If that
    language, considered in isolation, "could
    reasonably have been understood as creating a
    presumption that relieves the State of its
    burden of persuasion on an element of an
    offense," Francis v. Franklin, supra, then the
    reviewing court must examine the charge as a
    whole to see if the entire charge delivered a
    correct interpretation of the law.  SeeCalifornia v. Brown, supra at 541.  See alsoBoyde v. California, 494 U.S. 370, 378 (1990),
    quoting Cupp v. Naughten, 414 U.S. 141 (1973)
    ("we accept at the outset the well-established
    proposition that a single instruction to a
    jury may not be judged in artificial
    isolation, but must be viewed in the context
    of the  overall charge").

      The defendant cites Francis v. Franklin,
    supra, in support of his claim.  In that case,
    the United States Supreme Court stated that
    "[l]anguage that merely contradicts and does
    not explain a constitutionally infirm
    instruction will not suffice to absolve the
    infirmity" because "[a] reviewing court has no
    way of knowing which of the two irreconcilable
    instructions the jurors applied in reaching
    their verdict" (footnote omitted).  Id. at
    322.  Francis v. Franklin does not assist the
    defendant for two reasons.  First, although,
    at one point, the judge misstated the
    Commonwealth's burden, we do not believe that
    the error had "the effect of relieving the
    [Commonwealth] of its burden of persuasion
    beyond a reasonable doubt of every essential
    element of [the] crime [charged]," id. at 313,
    nor did it shift any burden to the defendant.  
    See Sandstrom v. Montana, supra at 520-524.  
    The judge's misstatement, therefore, was not
    "constitutionally infirm."  Second, even if we
    were to conclude that the instruction was
    constitutionally infirm, Francis v. Franklinaccepts the general principle that such an
    instruction should be considered in the
    context of the entire charge.  See Estelle v.McGuire, 502 U.S. 62, 72 (1991), quoting Cuppv. Naughten, 414 U.S. 141, 147 (1973)  
    ("instruction 'may not be judged in artificial
    isolation,' but must be  considered in the
    context of the instructions as a whole");
    Commonwealth v. Repoza, 400 Mass. 516, 519,
    cert. denied, 484 U.S. 935 (1987) ("jury
    instructions are not to be viewed in isolation
    but rather in the context of the charge as a
    whole").  Reviewing the whole charge,
including the judge's emphatic and repeated
statements that only the Commonwealth--and
never the defendant--bore any burden, we
believe that the jury could not have concluded
that the judge's misstatement created an
unconstitutional presumption relieving the
State of its burden of persuasion beyond a
reasonable doubt of every element of
deliberately premeditated murder in the first
degree. The instruction did not violate the
defendant's Federal due process rights, nor
did it create a substantial likelihood of a
miscarriage of justice.

Torres, 651 N.E.2d at 366-68 (footnotes in original).
    Although state law is cited in this discussion, federal
case law is preeminent.  Because the resolution of Torres's claim
was not based on an adequate and independent state-law ground, but
rather on federal constitutional law, his claim is not in
procedural default.
II.  Clearly Established Federal Law
    The Antiterrorism and Effective Death Penalty Act of
1996, Pub. L. 104-132, Title I,  104, 110 Stat. 1219, governs the
issuance of writs of habeas corpus.  It states in part that:  
    (d) [a]n application for a writ of habeas
    corpus on behalf of a person in custody
    pursuant to the judgment of a State court
    shall not be granted with respect to any claim
    that was adjudicated on the merits in State
    court proceedings unless the adjudication of
    the claim--  
    (1) resulted in a decision that was contrary
    to, or involved an unreasonable application
    of, clearly established Federal law, as
    determined by the Supreme Court of the United
    States;  or  
    (2) resulted in a decision that was based on
    an unreasonable determination of the facts in
    light of the evidence presented in the State
    court proceeding.

28 U.S.C.  2254(d).
    First, we must determine whether "the Supreme Court has
prescribed a rule that governs the petitioner's claim."  Ortiz v.
DuBois, 145 F.3d 16, 24 (1st Cir. 1998).  If so, we analyze whether
the state court decision is "contrary to" that prescribed rule.  
See id.  "To obtain relief . . . [the] petitioner must show that
Supreme Court precedent requires an outcome contrary to that
reached by the relevant state court."  Id. at 24-25.  Because we
agree with the parties that Francis v. Franklin, 471 U.S. 307
(1985), provides the governing rule, our discussion centers on that
Supreme Court case.
    In Franklin, the Supreme Court evaluated jury
instructions stating that: (1) "[t]he acts of a person of sound
mind and discretion are presumed to be the product of the person's
will, but the presumption may be rebutted," id. at 309, and (2)
"[a] person of sound mind and discretion is presumed to intend the
natural and probable consequences of his acts but the presumption
may be rebutted." Id.  At issue was "whether these instructions,
when read in the context of a jury charge as a whole, violate the
Fourteenth Amendment's requirement that the State prove every
element of a criminal offense beyond a reasonable doubt."  Id.  
Because these jury instructions directed "the jury to presume an
essential element of the offense," id. at 316, they undermined "the
factfinder's responsibility at trial, based on evidence adduced by
the State to find the ultimate facts beyond a reasonable doubt."  
Id.  
    Here, Torres complains that the judge's instruction on
mitigating circumstances created an evidentiary presumption that
had the effect of relieving the Commonwealth of its burden to prove
beyond a reasonable doubt each element of the crime charged against
the petitioner.  The contested instruction is as follows:
    The crime of manslaughter involves certain
    mitigating circumstances which I will outline
    for you, and these mitigating circumstances,
    if they exist to your satisfaction, operate to
    negate the element of malice.

(Emphasis added).  As demonstrated in the quotation from the SJC's
opinion, see supra at 8, the state court recognized that this
instruction was a misstatement of the law, but the instruction did
not constitute error under Franklin because: (1) it did not relieve
the Commonwealth of proving beyond a reasonable doubt each element
of the offense charged; and (2) it did not inappropriately shift
any burden of proof to the petitioner.  We agree with the district
court in this case that "[t]he instruction merely pointed out that
the jury could find the lesser included offense of manslaughter if
the jury found, in the evidence, circumstances which mitigated one
of the elements of murder."  Consequently, the petitioner has
failed to show that Supreme Court precedent requires an outcome
contrary to that reached by the Supreme Judicial Court.
                           CONCLUSION
    For the reasons stated above, the judgment of the
district court is AFFIRMED.

</body>

</html>