**Robert J. CEFALO, Petitioner,**

v.

**James MATESANZ, Respondent.**

**No. 97–11001–JLT.**

United States District Court,
D. Massachusetts.

May 17, 1999.

---

Robert J. Cefalo, Bay State Correctional Center, Norfolk, MA, pro se.

Cathryn A. Neaves, Attorney General's Office, Boston, MA, for James Matesanz, Superintendent, Respondent.

## MEMORANDUM

TAURO, Chief Judge.

## I. INTRODUCTION

*Pro se* Petitioner Robert J. Cefalo applies for a writ of habeas corpus. Petitioner claims that the trial judge gave constitutionally deficient jury instructions on reasonable doubt and the presumption of innocence. Respondent argues that an adequate and independent state procedure bars any habeas review of Petitioner's claims. Alternatively, Respondent argues that the Massachusetts courts' adjudication of Petitioner's claims was neither "contrary to [n]or involved an unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d)(1).

The Magistrate Judge recommended denial of the application. This court agrees with the result, although for different reasons.[1]

## II. PRIOR PROCEEDINGS

An Essex County Jury convicted Petitioner of first degree murder on October 18, 1976. The trial judge sentenced Petitioner to life imprisonment.

On April 4, 1977, the trial court denied Petitioner's first motion for a new trial. On February 26, 1979, Petitioner's second motion for a new trial was denied. Petitioner pursued direct appellate review of both the denial of his second motion for a new trial and of his original conviction. On August 18, 1980, the Supreme Judicial

Court ("SJC") affirmed both denials. *See Commonwealth v. Cefalo,* 381 Mass. 319,- 381 Mass. 319, 409 N.E.2d 719 (1980).

In March of 1995, Petitioner filed his third motion for a new trial, in which, for the first time, he raised objections to the trial judge's jury instructions. The motion court rejected the Commonwealth's argument that Petitioner should be procedurally defaulted for failing to object at trial, but found in favor of the Commonwealth on the merits.

On December 8, 1995, pursuant to MASS. GEN.LAWS ch. 278, § 33E, Petitioner sought leave from a single justice of the SJC to appeal the motion court's denial. In order for the SJC to hear a second appeal on a capital case, § 33E requires a single justice to find the claims to be both "new" and "substantial." MASS.GEN.LAWS ch. 278, § 33E. The Commonwealth opposed on procedural and substantive grounds. On January 11, 1996, Justice Wilkins, sitting as a single justice, denied Petitioner's motion, ruling that Petitioner had failed to show that his appeal presented "new" and "substantial" questions. *Id.*

Petitioner filed this application for a writ of habeas corpus on April 16, 1997. The Magistrate Judge recommended denial.

## III. ANALYSIS

█ In order to determine whether Petitioner's claims have been procedurally defaulted, this court must examine the decision of the last state court to which Petitioner presented his federal claim. "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal court review that might otherwise have been available." *Ylst v. Nunnemaker,* 501 U.S. 797, 801, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); *see also Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). On the other hand, if the state court fails to reach the merits, then an independent and

---

1. Respondent and the Magistrate disagree as to whether, pursuant to 28 U.S.C. § 2245(e)(1), this court must take the Su- preme Judicial Court's recitation of facts as true. This court does not reach this issue as it is not relevant to the outcome of this case.

adequate state procedure bars federal intervention. *See Nunnemaker,* 501 U.S. at 801, 111 S.Ct. 2590.

■ Every person convicted of a capital crime has an automatic right of appeal under Massachusetts law. MASS.GEN.LAWS ch. 278, § 33E. Petitioner clearly exhausted those remedies. In order to appeal this denial of his third motion for a new trial, therefore, Petitioner needed to convince a single justice of the SJC that the appeal presented a "new and substantial" question which ought to be examined by the full court. *Id.*

Petitioner last presented his claim to Justice Wilkins, sitting as a single justice of the SJC. If Justice Wilkins reached the merits of the claim, there is no independent and adequate state procedural bar. If, however, Justice Wilkins denied Petitioner's motion on procedural grounds, then an independent and adequate state procedure bars federal review. The Magistrate found that Justice Wilkins had reached the merits. Although the Magistrate recognized that Justice Wilkins alluded to procedural defaults, the Magistrate found that Justice Wilkins' decision was interwoven with federal substantive law and moved beyond simply a "new and substantial" analysis.

Justice Wilkins only conducted a procedural analysis under § 33E, which requires a brief look at the merits. Justice Wilkins, in a three paragraph opinion,

found that Petitioner had not met § 33E's procedural requirements and denied leave to appeal to the full court.[2] In *McLaughlin v. Gabriel,* the First Circuit held that "in making a 33E determination, the single justice does not make a decision directly on the merits of any claim." 726 F.2d 7,9 (1984). Rather, § 33E is a procedural mechanism designed to screen out claims which have already been reviewed. *Id.* ( "the judge is 'screening to decline further review'") (citation omitted). The First Circuit indicated that there could be "special" cases where the gatekeeper relied upon federal law, thereby opening up claims to habeas review, but did not say what would constitute a "special" case. *Id.*

Justice Wilkins addressed § 33E's "newness" requirement in paragraph two and its "substantial" requirement in paragraph three. In doing so he briefly touched upon the merits, but only as part of § 33E's procedural analysis. Nothing in Justice Wilkins opinion went beyond the scope of a typical § 33E analysis. He did not cite any federal cases or explicitly rely on any federal law.

In addition, in *Coleman v. Thompson,* the Supreme Court held that state courts are not required to expressly state when they mean to procedurally default claims. 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "[W]e will not impose on state courts the responsibility for using particular language in every case in which

2. The complete opinion is reproduced below:

It is my usual practice to erect a low threshold for a defendant seeking to obtain leave, pursuant to G.L. c. 278, s. 33E, to appeal from the denial of a motion for new trial. It is also my usual practice to explain why I deny leave to appeal when I do so.

The issues concerning alleged defects in the charge on reasonable doubt have been available to argue since the first appeal in 1980. *See Commonwealth v. Cefalo,* 381 Mass. 319, 409 N.E.2d 719 (1980). Any "newness" quality of the defendant's argument is derived from the more recently expressed view of the Supreme Court that harmless error analysis is inapplicable when there is an error in a reasonable doubt instruction. Thus, any error in

the judge's treatment of moral certainty in the course of his reasonable doubt instruction may now have a quality of newness for the purposes of s. 33E that it only recently acquired. The judge's misspeaking about reasonable doubt when he should have simply said not beyond all doubt is not new.

The issue concerning the use and treatment of moral certainty language in the charge is not substantial. The reasons why that is so are adequately set forth in the motion judge's memorandum of decision and in the Commonwealth's opposition to the motion for leave to appeal. In short, "moral certainty" was properly explained and limited by other language in the charge. No. SJ–95–0648 (Unpublished Decision).

a state prisoner presents a federal claim." *Id.* at 736–739, 111 S.Ct. 2546. Although Justice Wilkins did not explicitly state that he procedurally defaulted Petitioner's claims, *Coleman* does not require him to do so.

Though this court has found a procedural bar, it is important to note that, as the Magistrate concluded, Petitioner's claims must fail on the merits as well. Petitioner asserts error in the trial judge's jury instructions on reasonable doubt and the presumption of innocence. Though the instructions contained some flaws, and the trial judge clearly misspoke once, "taken as a whole, the instructions correctly convey the concept of reasonable doubt." *Holland v. U.S.,* 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Petitioner failed to carry his burden of showing that there is a reasonable likelihood that the jury applied the instructions in an unconstitutional manner. *See Victor v. Nebraska,* 511 U.S. 1, 6, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).

## IV.  CONCLUSION

Petitioner's application for a writ of habeas corpus is DENIED.