The defendant was convicted by a District Court jury of assault and battery, and indecent assault and battery on a child under the age of fourteen. On appeal, the defendant argues that the trial prosecutor committed "egregious misconduct" when she allegedly displayed to the jury highly prejudicial photographs of the defendant that had been excluded from evidence. The defendant's argument, however, is not supported by any evidence in the trial record. Moreover, the defendant's postverdict motion under Commonwealth v. Fidler, 377 Mass. 192 (1979), is not properly before us on this direct appeal. We accordingly affirm.
Background. The case was tried for three days in June of 2013. The defendant had been a regular babysitter of the victim, C.B., and her younger brother, for three months when the victim was four years old. The victim testified that while babysitting her the defendant touched her inappropriately on several occasions and also struck her. The defendant testified and denied any such actions.
The issue with the photographs arose because the victim testified that while babysitting, the defendant had dressed up in "costumes that scared [her]" and acted so as to scare both C.B. and her younger brother. On cross-examination of the defendant, the prosecutor sought to bolster this testimony by introducing photographs taken from the defendant's Facebook page, which showed the defendant in spooky costumes. Defense counsel objected, and the judge excluded the photographs because they had not been provided to defense counsel in advance.[2] The photographs the prosecutor sought to introduce were never marked for identification and are not part of the record.
The defendant's argument on appeal centers on these excluded photographs. The defendant urges that the prosecutor engaged in egregious misconduct because, during defense counsel's closing argument, the prosecutor deliberately displayed these same photographs to the jury, while the prosecutor was sitting at counsel table. There is nothing in the trial record, however, that reflects this alleged event. There was no objection, or comment, from anyone in the court room. There is thus nothing in the trial record to indicate that the event occurred.
In January, 2016, more than two years after the jury verdicts, the defendant filed a motion under Fidler seeking to question the jury regarding the alleged actions of the prosecutor during defense counsel's closing. The defendant's motion was accompanied by two affidavits -- one from the defendant's mother, and one from a friend of the defendant -- both of whom attested that they witnessed the prosecutor displaying the photographs to the jury during the closing. The motion was never acted upon. Moreover, the defendant never followed up in writing after filing the motion, by seeking a hearing or a ruling on the motion.
Discussion. The defendant's contention that the judgments should be vacated on this direct appeal must be rejected, as her argument based on prosecutorial misconduct has no support in the trial record. As noted, there is no basis in the trial record from which an appellate court could conclude that the prosecutor committed egregious misconduct during the closing. The matter was not brought to the judge's attention at the time. There accordingly is not even an action by the trial judge that this panel could review as to the alleged prosecutorial misconduct.
The defendant seems to believe that this panel can consider the affidavits filed with her Fidler motion in 2016, but that is incorrect. We do not consider such affidavits in the first instance. To the extent the defendant is seeking our review of the Fidler motion on its merits, we decline because it has never been acted upon. We will not decide the motion in the first instance, nor do we think the circumstances are such that we can say it was implicitly denied. And in any event, there is no notice of appeal with respect to the Fidler motion. The motion accordingly is not properly before us.[3] See, e.g., Gibney v. Commonwealth, 375 Mass. 146, 148 (1978).
Judgments affirmed.

Although the transcript is unclear, it appears that the prosecutor may have displayed the photographs to the jury in some way before they were excluded. The judge stated, "(Inaudible) while you were at the table, just because of the way you picked it up." Defense counsel did not seek to make any further record of this occurrence, and she did not ask for any instruction from the judge.

We note that the Fidler motion itself was not a motion for new trial under Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001); it merely sought to interrogate the jurors.